**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7        IN THE UNITED STATES DISTRICT COURT

8        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   JESSE HERNANDEZ,                )  No. C 07-5455 MMC (PR)
                                     )
11              Petitioner,          )  **ORDER TO SHOW CAUSE;**
                                     )  **DENYING MOTION FOR**
     v.                              )  **ENLARGEMENT OF TIME**
12                                   )
     BEN CURRY, Warden,              )
13                                   )  **(Docket No. 1)**
                Respondent.          )
14   _____  )

15

16        The above-titled action was opened on October 19, 2007, when petitioner, a California

17   prisoner incarcerated at the Correctional Training Facility and proceeding pro se, filed a

18   "Motion for Enlargement of Time," in which petitioner sought to extend by thirty days the

19   deadline, imposed by the applicable statute of limitations for federal habeas petitions, with

20   respect to a federal habeas petition he intended to file.  On October 25, 2007, the Court

21   notified petitioner in writing that the action was deficient due to petitioner's failure to submit

22   either a complaint or petition.  In said notice, petitioner was advised that his failure to submit

23   a complaint or petition within thirty days would result in dismissal of the action.[1]  On

24   November 19, 2007, petitioner filed a habeas corpus petition challenging the denial of parole

25

26   _____

27        [1]Also on October 25, 2007, the Court notified petitioner in writing that the action was
     deficient due to petitioner's failure to pay the requisite filing fee or, instead, to submit a
28   completed court-approved in forma pauperis application.  In response to said notice,
     petitioner paid the $5.00 filing fee on November 15, 2007.

1    by the California Board of Parole Hearings ("Board").[2]

2                                              **BACKGROUND**

3          In 1996, in the Superior Court of San Diego County, petitioner was convicted of

4    attempted murder.  He was sentenced to a term of seven years to life in state prison.  On

5    March 26, 2006, the Board found petitioner unsuitable for parole.  On October 10, 2007, the

6    California Supreme Court denied petitioner's state habeas corpus petition challenging the

7    Board's decision.

8                                              **DISCUSSION**

9          This Court may entertain a petition for a writ of habeas corpus "in behalf of a person

10   in custody pursuant to the judgment of a State court only on the ground that he is in custody

11   in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a);

12   Rose v. Hodges, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an

13   order directing the respondent to show cause why the writ should not be granted, unless it

14   appears from the application that the applicant or person detained is not entitled thereto."

15   28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the

16   petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See

17   Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison,

18   431 U.S. 63, 75-76 (1977)).

19         Petitioner claims the Board violated his federal constitutional right to due process by

20   denying him parole without sufficient reliable evidence to support its decision that his release

21   would pose an unreasonable risk to public safety.  Liberally construed, petitioner's claim is

22   cognizable.

23

24

25   _____

          [2]The Court will deny as premature petitioner's "Motion for Enlargement of Time" to
26   extend the filing deadline imposed by the applicable statue of limitations.  Whether the
     petition is barred by the statute of limitations is not currently at issue, as there is no pending
27   motion to dismiss the petition as untimely.  If, in response to this Order to Show Cause,
     respondent files such a motion, petitioner may, in opposition, raise any applicable grounds
28   for relief from the statute of limitations.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Petitioner's "Motion for Enlargement of Time" is hereby DENIED. (Docket No. 1.)

2. The Clerk shall serve by certified mail a copy of this order and the petition, along with all attachments thereto, upon respondent and respondent's attorney, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

3. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the

1 | Court and respondent informed of any change of address and must comply with the Court's
2 | orders in a timely fashion.  Failure to do so may result in the dismissal of this action for
3 | failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

4 |     7.  Upon a showing of good cause, requests for a reasonable extension of time will be
5 | granted as long as they are filed on or before the deadline they seek to extend.

6 |     This order terminates Docket No. 1.

7 |     IT IS SO ORDERED.

8 | DATED: April 11, 2008

9 | MAXINE M. CHESNEY
   | United States District Judge

4