EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
JENNIFER A. NEILL
Supervising Deputy Attorney General
STEVEN G. WARNER, State Bar No. 239269
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5747
 Fax: (415) 703-5843
 Email: Steven.Warner@doj.ca.gov

Attorneys for Respondent Warden Ben Curry
SF2008401300

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JESSE HERNANDEZ,<br><br>                    Petitioner,<br><br>    v.<br><br>BEN CURRY, Warden,<br><br>                    Respondent. | Case No. C07-05455 MMC<br><br>**ANSWER TO ORDER TO SHOW CAUSE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: The Honorable Maxine M. Chesney |

As an Answer to the Petition for Writ of Habeas Corpus filed by inmate Jesse Hernandez, Respondent admits, alleges, and denies that:

    1.    Hernandez is in the lawful custody of the California Department of Corrections and Rehabilitation following his July 17, 1996 conviction of attempted first-degree murder with a weapon enhancement, being in possession of a destructive device, attempting to burn, two counts of vandalism, and stalking. (Ex. 1, [Superior Court] Order Denying Petition for Writ of Habeas Corpus, at 1.) Hernandez is serving a life sentence with the possibility of parole. (*Id.*)

    2.    In 2007, Hernandez filed a petition for writ of habeas corpus in San Diego County Superior Court, alleging that the Board of Parole Hearings' 2006 decision denying him parole

1 | violated his due process rights. (Ex. 2, Super. Ct. Pet.; Ex. 1.) The superior court denied the petition, finding that "the Board's determination that Petitioner would pose an unreasonable risk of danger to society . . . if released from prison is supported by 'some evidence' and there is no showing the Board acted arbitrarily or capriciously." (Ex. 1 at 4.)

3. Hernandez then raised the same claims in petitions to the California Court of Appeal and the California Supreme Court. (Ex. 3, Ct. App. Pet.; Ex. 4, Sup. Ct. Pet.) The California Court of Appeal denied the petition, finding that "the Board relied on appropriate factors in considering whether he was suitable for parole" and "there is some evidence in the record . . . to support the Board's decision." (Ex. 5, Ct. App. Order at 5.) The California Supreme Court summarily denied the petition. (Ex. 6, Cal. Appellate Cts. Case Information at 2.)

4. Respondent admits that Hernandez exhausted his state court remedies regarding the claim that the Board's 2006 decision violated his due process rights. Respondent denies that Hernandez has exhausted his claims to the extent they are interpreted more broadly to encompass any systematic issues beyond this claim.

5. Respondent admits that the Petition is timely under 28 U.S.C. § 2244(d)(1). Respondent admits that the Petition is not subject to any other procedural bar.

6. Respondent denies that Hernandez is entitled to federal habeas relief under 28 U.S.C. § 2254 because the state court decisions were not contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or based on an unreasonable determination of the facts.

7. Respondent denies that Hernandez has a federally protected liberty interest in parole and, therefore, alleges that he has not a stated a federal question invoking this court's jurisdiction. The Supreme Court has not clarified the methodology for determining whether a state has created a federally protected liberty interest in parole. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 12 (1979) (liberty interest in conditional parole release date created by unique structure and language of state parole statute); *Sandin v. Connor*, 515 U.S. 472, 484 (1995) (federal liberty interest in correctional setting created only when issue creates an "atypical or significant hardship" compared with ordinary prison life); *Wilkinson v. Austin*, 545

1  U.S. 209, 229 (2005) (*Sandin* abrogated *Greenholtz's* methodology for establishing the liberty
2  interest). California's parole statute does not contain mandatory language giving rise to a
3  protected liberty interest in parole under the mandatory-language approach announced in
4  *Greenholtz*. *In re Dannenberg*, 34 Cal. 4th 1061, 1087 (2005) (California's parole scheme is a
5  two-step process that does not impose a mandatory duty to grant life inmates parole before a
6  suitability finding). Moreover, continued confinement under an indeterminate life sentence does
7  not impose an "atypical or significant hardship" under *Sandin* since a parole denial does not alter
8  an inmate's sentence, impose a new condition of confinement, or otherwise restrict his liberty
9  while he serves his sentence. Thus, Respondent asserts that Hernandez does not have a federal
10 liberty interest in parole under either *Greenholtz* or *Sandin*. Respondent acknowledges that in
11 *Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006) the Ninth Circuit held that
12 California's parole statute creates a federal liberty interest in parole under the mandatory-
13 language analysis of *Greenholtz*, but preserves the argument, which is pending en banc review in
14 *Hayward v. Marshall*, 527 F.3d 797 (9th Cir. 2008).

15      8.  Even if Hernandez has a federal liberty interest in parole, he received all due process to
16 which he is entitled under clearly established federal law because he was provided with an
17 opportunity to be heard and a statement of reasons for the Board's decision. *Greenholtz*, 442
18 U.S. at 16.

19      9.  Respondent denies that the some-evidence test is clearly established federal law in the
20 parole context.

21      10. Respondent denies that the Board's 2006 decision violated Hernandez's federal due
22 process rights, was arbitrary, or was unsupported by any evidence.

23      11. Hernandez contends that the Board's findings about multiple victims, motive, limited
24 programming, self-help participation, a disciplinary report, past drug and alcohol use, inability to
25 take responsibility for the crime, and recent programming gains were unsupported by evidence in
26 the record, arbitrary, and violated his due process rights. (Pet. at 12, 16, 19, 23, 27, 35, 39, 42.)
27 Respondent denies that the some-evidence test is relevant to the Board's factual findings in
28 federal court. Respondent affirmatively alleges that Hernandez is only entitled to the two due

Answer to Order to Show Cause; Mem. of P. & A.                    *Hernandez v. Curry*
                                                                  Case No. C07-05455 MMC

1  process protections in *Greenholtz*, and that he received those safeguards. Respondent further
2  denies that the other cases cited in support of the above contentions are clearly established
3  federal law in the parole context.

4      12. Respondent affirmatively alleges that Hernandez's contention that the Board
5  improperly relied on his disciplinary report under state regulations and statute is a state law claim
6  not properly before this court. Respondent further affirmatively alleges that there is no clearly
7  established federal law about the use of prison disciplinary reports at parole hearings.

8      13. Hernandez contends that the Board's multi-year denial violates his due process rights.
9  (Pet. at 46.) Respondent affirmatively alleges that there is no clearly established law requiring
10 the state to hold parole hearings at particular intervals.

11     14. Respondent denies that an evidentiary hearing is necessary. Hernandez's claims
12 can be resolved on the existing state court record. *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th
13 Cir. 1999).

14     15. Respondent denies that Hernandez is entitled to appointment of counsel, a declaration
15 that his due process rights have been violated, injunctive relief, vacation of the Board's and state
16 courts' decisions, or copies of all state court filings from Respondent. The remedy is limited to
17 the process that is due, which is a new Board hearing comporting with due process. *See, e.g.,*
18 *Benny v. U.S. Parole Comm'n*, 295 F.3d 977, 984-85 (9th Cir. 2002) (a liberty interest in parole
19 is limited by the Board's exercise of discretion, and a due process error does not entitle an inmate
20 to a favorable parole decision).

21     16. Hernandez fails to state or establish any grounds for habeas corpus relief.

22     17. Except as expressly admitted in this Answer, Respondent denies the allegations of the
23 Petition.

24 ///
25 ///
26 ///
27 ///
28 ///

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Hernandez claims that the Board's 2006 decision finding him unsuitable for parole violated his due process rights. But Hernandez merely alleges a disagreement with the Board's decision, and fails to establish that the state court decisions denying his due process claims were contrary to, or an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or were based on an unreasonable determination of the facts. Thus, there are no grounds for federal habeas relief.

## ARGUMENT

### I.

### HERNANDEZ HAS NOT SHOWN THAT HE IS ENTITLED TO RELIEF UNDER AEDPA.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a federal court may not grant a writ of habeas corpus unless the state court's adjudication was either: 1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or 2) "based on an unreasonable determination of the facts in light of the evidence presented at the State Court proceeding." 28 U.S.C. § 2254(d)(1-2) (2000). Hernandez has not demonstrated that he is entitled to relief under this standard.

#### A. Hernandez Has Not Shown that the State Court Decisions Was Contrary to Clearly Established Federal Law.

As a threshold matter, the Court must decide what, if any, "clearly established Federal law" applies. *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). In making this determination, the Court may look only to the holdings of the United States Supreme Court governing at the time of the state court's adjudication. *Carey v. Musladin*, ___ U.S. ___, 127 S. Ct. 649, 653 (quoting *Williams v. Taylor*, 529 U.S. 362 (2000)). The only case in which the Supreme Court has addressed the process due in state parole proceedings is *Greenholtz*. *Greenholtz*, 442 U.S. 1. The Supreme Court there held that due process is satisfied when the state provides an inmate an

1 | opportunity to be heard and a statement of the reasons for the parole decision. *Id.* at 16. "The
2 | Constitution does not require more." *Id.*[1] No other Supreme Court holdings require more at a
3 | parole hearing.

4 | Hernandez does not contest that he received the *Greenholtz* protections. (*See generally*
5 | Pet.*) Because *Greenholtz* was satisfied and *Greenholtz* is the only Supreme Court authority
6 | regarding an inmate's due process rights during parole proceedings, the state court decision
7 | upholding the Board's decision was not contrary to clearly established federal law. Thus, the
8 | Petition should be denied.

9 | Although Hernandez alleges that the Board's decision must be supported by some evidence,
10 | there is no clearly established federal law applying this standard to parole decisions. The
11 | Supreme Court has held that under AEDPA a test announced in one context is not clearly
12 | established federal law when applied to another context. *Wright v. Van Patten*, ___U.S.___ 128
13 | S. Ct. 743, 746-47 (2008); *Schriro v. Landrigan*, ___U.S.___, 127 S. Ct. 1933 (2007); *Musladin*,
14 | 127 S. Ct. at 652-54; *see also*, *Foote v. Del Papa*, 492 F.3d 1026, 1029 (9th Cir. 2007); *Nguyen*
15 | *v. Garcia*, 477 F.3d 716, 718, 727 (9th Cir. 2007); *Crater v. Galaza*, 491 F.3d 1119, 1122 (9th
16 | Cir. 2007). The Supreme Court developed the some-evidence standard in the context of a prison
17 | disciplinary hearing, *Superintendent v. Hill*, 472 U.S. 445, 457 (1985), which is a fundamentally
18 | different context than a parole proceeding. Because the tests and standards developed by the
19 | Supreme Court in one context cannot be transferred to distinguishable factual circumstances for
20 | AEDPA purposes, it is not appropriate to apply the some-evidence standard of judicial review to
21 | parole decisions.

22 | Thus, the Ninth Circuit's application of the some-evidence standard to parole decisions is
23 | improper under AEDPA. *See, e.g.*, *Biggs v. Terhune*, 334 F.3d 910 (9th Cir. 2003); *Sass*, 461
24 | F.3d at 1128; *Irons v. Carey*, 505 F.3d 846, 851 (9th Cir. 2007). Moreover, AEDPA does not

---

1. The Supreme Court has cited *Greenholtz* approvingly for the proposition that the "level of process due for inmates being considered for release on parole includes an opportunity to be heard and notice of any adverse decision" and noted that, although *Sandin* abrogated *Greenholtz's* methodology for establishing the liberty interest, *Greenholtz* remained "instructive for [its] discussion of the appropriate level of procedural safeguards." *Austin*, 545 U.S. at 229.

Answer to Order to Show Cause; Mem. of P. & A.                                      *Hernandez v. Curry*
                                                                                 Case No. C07-05455 MMC

permit relief based on circuit case law. *Crater*, 491 F.3d at 1123, 1126 (§ 2254(d)(1) renders decisions by lower courts non-dispositive for habeas appeals); *Earp v. Ornoski*, 431 F.3d 1158, 1182 (9th Cir. 2005) ("Circuit court precedent is relevant only to the extent it clarifies what constitutes clearly established law." . . . "Circuit precedent derived from an extension of a Supreme Court decision is not clearly established federal law as determined by the Supreme Court."); *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 2000). Therefore, the Ninth Circuit's use of the some-evidence standard is not clearly established federal law and is not binding on this Court.

Hernandez contends that the Board's specific findings are arbitrary because evidence before the Board supports the opposite finding in each case. (*See, e.g.,* Pet. at 25 [contending that the Board's finding that he has not participated in beneficial self-help is arbitrary because Hernandez has shown it is false].) These contentions lack merit. The Board's findings and decision would be arbitrary if made seemingly at random without individualized consideration of Hernandez's case. Here, the Board individually considered Hernandez's pre- and post-conviction factors and therefore did not make arbitrary findings or an arbitrary decision.

Similarly, Hernandez's additional claim that the Board's reliance on immutable factors violates due process finds no support in Supreme Court precedent. Although the Ninth Circuit has suggested that this might amount to an additional due process claim, *Biggs*, 334 F.3d at 917, because there is no clearly established federal law precluding reliance on unchanging factors federal habeas relief is not available. 28 U.S.C. § 2254(d).

In sum, the only clearly established federal law setting forth the process due in the parole context is *Greenholtz*. Hernandez does not allege that he failed to receive these protections. Therefore Hernandez has not shown that the state court decisions denying habeas relief were contrary to clearly established federal law.

///

///

///

///

Answer to Order to Show Cause; Mem. of P. & A.                                    *Hernandez v. Curry*
                                                                                                                      Case No. C07-05455 MMC

7

### B. Hernandez Has Not Shown that the State Courts Unreasonably Applied Clearly Established Federal Law.

Habeas relief may only be granted based on AEDPA's unreasonable-application clause where the state court identifies the correct governing legal rule from Supreme Court cases but unreasonably applies it to the facts of the particular state case. *Williams*, 529 U.S. at 406. The petitioner must do more than merely establish that the state court was wrong or erroneous. *Id.* at 410; *Lockyer*, 538 U.S. at 75. Respondent recognizes that the Ninth Circuit applies the some-evidence standard as clearly established federal law, but even accepting that premise, Hernandez is not entitled to federal habeas relief. Indeed, the California Supreme Court has adopted *Hill*'s some-evidence test as the judicial standard to be used in evaluating parole decisions, *In re Rosenkrantz*, 29 Cal. 4th 616 (2002), and Hernandez has not shown that the state courts unreasonably applied the standard.

When, as here, the California Supreme Court denies a petition for review without comment, the federal court will look to the last reasoned decision as the basis for the state court's judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991). In this case, the last reasoned decision is the California Court of Appeal decision denying Hernandez's habeas petition. (Ex. 5.) The California Court of Appeal found that some evidence supports the Board's denial. (Ex. 5 at 5.) Hernandez's claim fails: he has not shown that the California Court of Appeal unreasonably applied *Hill*, but rather asks this Court to re-weigh his suitability. Such a re-weighing has no basis in United States Supreme Court law.

### C. Hernandez Has Not Shown that the State Court Decisions Were Based on an Unreasonable Determination of the Facts.

Under § 2254(d)(2), habeas corpus can not be granted unless the state courts' decisions were based on an unreasonable determination of the facts in light of the evidence presented in the state court. The state courts' factual determinations are presumed to be correct, and the petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Although Hernandez alleges that the Board's decision is not supported by the evidence,

he does not show that the state court made factual errors. Here the California Court of Appeal noted that "[t]he Board based its findings on the circumstances of the life crime and related offenses, Hernandez's limited self-help programming, his disciplinary action, the psychological evaluation, including an identified need for further soul-searching, and the district attorney's objection to parole," and then found that these factors were "appropriate factors in considering whether he was suitable for parole." (Ex. 5 at 4, 5.) Hernandez has not alleged by clear and convincing evidence that the factual determinations are incorrect. He disagrees with the weight the Board assigned to the evidence. This disagreement does not entitle Hernandez to federal habeas relief.

## CONCLUSION

Hernandez has not demonstrated that the state court decisions denying habeas relief were contrary to, or an unreasonable application of, United States Supreme Court authority, or based on an unreasonable determination of the facts. Thus, the Petition should be denied.

Dated: July 10, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

JENNIFER A. NEILL
Supervising Deputy Attorney General

STEVEN G. WARNER
Deputy Attorney General
Attorneys for Respondent

20121304.wpd

Answer to Order to Show Cause; Mem. of P. & A.

*Hernandez v. Curry*
Case No. C07-05455 MMC

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Hernandez v. Curry**

No.:   **C07-05455 MMC**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **July 10, 2008**, I served the attached

**ANSWER TO ORDER TO SHOW CAUSE; MEMORANDUM OF POINTS AND AUTHORITIES WITH EXHIBITS 1 - 6**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Jesse Hernandez, K-21116**
**Correctional Training Facility**
**GW 334 Up**
**P.O. Box 689**
**Soledad, CA 93960-0689**
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **July 10, 2008**, at San Francisco, California.

| J. Baker | /s/ Baker |
|---|---|
| Declarant | Signature |

20121919.wpd