# EXHIBIT 3
# Part 1 of 3

REC'D CLS DOCKETING

A6



F I L E D
Stephen M. Kelly, Clerk

APR 1 3 2007

COPY

Court of Appeal Fourth District

1   JESSE HERNANDEZ (CDCR NO. K-21116)
    GW-104-UP
2   P.O. BOX 689
    SOLEDAD, CA 93960-0689
3   (IN PRO PER)

4

5
                    D050643
6

7

8          FOURTH  DISTRICT  COURT  OF  APPEAL

9       IN  AND  FOR  THE  STATE  OF  CALIFORNIA

10                  DIVISION  1

11

12

13  IN RE ~~JESSE~~ HERNANDEZ
    JESSE HERNANDEZ - PETITIONER        CASE NO.          EHC 550
14                                      (SAN DIEGO CO. CASE NO. SCE 161745)

15          -V-                         RE: PETITION FOR WRIT OF
                                            HABEAS CORPUS
16  B. CURRY, WARDEN (A), et al             [EVIDENTIARY HEARING
    RESPONDENT(S)                            REQUESTED]
17

18

19

20

21

22

23

24

25

26

27

28

                          i

TABLE OF CONTENTS

|  | PAGE(S) |
|---|---|
| COVER PAGE | i |
| TABLE OF CONTENTS | ii |
| TABLE OF AUTHORITIES | iii – iiii |
| MC 275 FORM FOR HABEAS CORPUS | 1-35 |
| (APPELLATE COURT GROUND #1 FACTS) | 3-7 |
| (APPELLATE COURT GROUND #1 P+A's) | 8-11 |
| (APPELLATE COURT GROUND #2 FACTS) | 12-14 |
| (APPELLATE COURT GROUND #2 P+A's) | 15-19 |
| (APPELLATE COURT GROUND #3 FACTS) | 20-23 |
| (APPELLATE COURT GROUND #3 P+A's) | 24-27 |
| (APPELLATE COURT GROUND #4 FACTS) | 28-31 |
| (APPELLATE COURT GROUND #4 P+A's) | 32-33 |
| CONCLUSION | 36 |
| PRAYER FOR RELIEF | 38 |
| VERIFICATION / PROOF OF SERVICE | 38 |

[TOTAL PAGES]: 42

SUPPORTING DOCUMENTS
(CONTEMPORANEOUSLY BUT SEPERATELY FILED)

"I" 8 SAN DIEGO COUNTY SUPERIOR COURT
PETITION FOR WRIT OF HABEAS CORPUS _____

"II" 8 ORDER DENYING RELIEF BY SAN DIEGO
COUNTY SUPERIOR COURT _____

| TABLE OF AUTHORITIES | PAGE(S) |
|---|---|

U.S. CONST. AMEND. XIV ("DUE PROCESS") — 10, 18, 25, 33

Cal. Const. Art. I, Sec. 7 ("DUE PROCESS") — 10, 11

FEDERAL CASES

DANIELS -V- WILLIAMS (1986) 106 S.Ct. 662, 665, 474 US 332 — 17

EVITTS -V- LUCEY (1985) 105 S.Ct. 830, 838-39, 469 US 388 — 18

GILL -V- AYERS (9TH Cir. 2003) 342 F.3d 911, 920 — 25

GOOD SAMARITAN HOSP. -V- SHALALA (1993) 113 S.Ct. 2151, 2161, 508 US 403 — 27

HAMDI -V- RUMSFELD (2004) 542 US 507, 124 S.Ct. 2633 — 16

HOLLAND -V- JACKSON (2004) 124 S.Ct. 2736 — 28

IRONS -V- CAREY (9TH Cir. Cal 2007) — F.3d — Filed 3/6/07 — 26

JEWELL RIDGE COAL CORP. -V- UNITED MINE WORKERS (1945) 325 US 161, 89 L.Ed 1534, 65 S.Ct. 1063 reh'g den. — 11

MENDENHALL -V- NATIONAL TRANSP. SAFETY Bd. (9TH Cir. 1996) 92 F.3d 871, 874 — 11, 27

PAULEY -V- BETHENERGY MINES, INC. (1991) 111 S.Ct. 2524, 2535, 501 US 681 — 27

PELTIER -V- WRIGHT (9TH Cir. 1994) 15 F.3d 860, 862 — 17

RICE -V- COLLINS (2006) 546 US —, — US —, slip op. P. 7-8 — 15

ROSE -V- LUNDY (1982) 71 L.Ed 2d 379, 387 — 15

SIMS -V- ROWLAND (9TH Cir. 2005) 414 F.3d 1148, 1152 cert. den. 126 S.Ct. 802 — 24

SUPERINTENDENT ... -V- HILL (1985) 86 L.Ed 2d 356, 472 US 445, 105 S.Ct. 2768 — 16, 17

TAYLOR -V- MADDOX (9TH Cir. 2004) 366 F.3d 992, 999 — 15, 32, 33

UNION FLIGHTS, INC. -V- ADMINISTRATIVE F.A.A. (9TH Cir. 1992) 957 F.2d 685, 688 — 11

VASQUEZ -V- HILLERY (1986) 474 US 254, 88 L.Ed 2d 598, 605 — 15

WALTERS -V- Nat. Assn. of Radiation Survivors (1985) 473 US 305, 105 S.Ct. 3180, 3189 — 19

WILLIAMS -V- TAYLOR (2000) 120 S.Ct. 1495, 1519-20, 529 US 362 — 15, 16

YARBOROUGH -V- ALVARADO (2004) 124 S.Ct. 2140, 2149 — 25

iii

TABLE OF AUTHORITIES CONT.                          PAGE(S)

CALIFORNIA CASES

In Re DeLuna (Cal App. 6TH Dist. 2005) 24 Cal Rptr 3d 643, 649-50 ____ 32

In Re Edward Ramirez (Cal. App. 1st. Dist. 2001) 94 Cal App. 4TH 549,
       114 Cal. Rptr 2d 381 _____ 8, 18

In Re Earnest Smith (Cal. App. 6TH Dist. 2003) 114 Cal. App. 4TH 343, 360-33

In Re Weider ( Cal. App. 6TH Dist. 2006) 52 Cal Rptr 3d 147, 161 ____ 7

IN RE CHRISTOPHER CAPISTRAN (Cal. App. 2nd Dist. 2003) 2053 DAR 4237, 4239-18

Topanga Assn. Scenic Com. ~ County of Los Angeles (Cal. 1974)
       113 Cal. Rptr 836, 842, 11 Cal. 3d 506 _____ 11

STATUTE

Penal Code § 5078 _____ 10

Gov. Code §§ 11340.5, 11342.600 _____ passim

CALIF. CODE OF REGULATIONS
(TITLE 15)

§ 2402(c)(1) _____ 8

§ 2402 (c)(1)(A) _____ 8

OTHER

15 OPS. ATTY GEN 53 _____ 10

Name: JESSE HERNANDEZ

Address: GW-104-LOW, CTF-CENTRAL

P.O. BOX 689

SOLEDAD, CA 93960-0689

CDC or ID Number: K-21116

MC-275

DIVISION 1

FOURTH DISTRICT COURT OF APPEAL

FOR THE STATE OF CALIFORNIA

(Court)

IN RE JESSE HERNANDEZ

JESSE HERNANDEZ

Petitioner

vs.

B-CURRY, WARDEN (A), et al

Respondent

PETITION FOR WRIT OF HABEAS CORPUS

No. _____

(To be supplied by the Clerk of the Court)

EHC 550

## INSTRUCTIONS—READ CAREFULLY [ SAN DIEGO X-REF # SCE 161745 ]

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.      EVIDENTIARY HEARING REQUESTED

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005] Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev July 1, 2005]

PETITION FOR WRIT OF HABEAS CORPUS

Penal Code, § 1473 et seq.,
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc
www.USCourtForms.com

FD 1/38

**This petition concerns:**

- [ ] A conviction          [☒] Parole

- [ ] A sentence          [ ] Credits

- [ ] Jail or prison conditions          [ ] Prison discipline

- [☒] Other *(specify):* Parole Suitability Hearing & Lower Court's Order Denying Relief

1. Your name _____

2. Where are you incarcerated? CORRECTIONAL TRAINING FACILITY - SOLEDAD (CENTRAL FACILITY)
   HWY 101 5 mi. N. of Soledad, P.O. Box 689, Soledad, CA 93960-0689

3. Why are you in custody?  [☒] Criminal Conviction    [ ] Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

      Attempted Murder w/ premeditation and other factors

   b. Penal or other code sections: Pen. Code §§187/664

   c. Name and location of sentencing or committing court: San Diego County Superior Court

   d. Case number: SCE 167745

   e. Date convicted or committed: _____

   f. Date sentenced: _____

   g. Length of sentence Life with the possibility of parole (7-to-life)

   h. When do you expect to be released? Undetermined

   i. Were you represented by counsel in the trial court?  [☒] Yes.    [ ] No.   If yes, state the attorney's name and address:
      William Trainee

4. What was the LAST plea you entered? *(check one)*

   [☒] Not guilty    [ ] Guilty    [ ] Nolo Contendere    [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   [☒] Jury    [ ] Judge without a jury    [ ] Submitted on transcript    [ ] Awaiting trial

---

MC-275 [Rev. January 1 1999]

**PETITION FOR WRIT OF HABEAS CORPUS**

FD 2/38

6.  GROUNDS FOR RELIEF
    **Ground 1:**  State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement."  *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four.  For additional grounds, make copies of page four and number the additional grounds in order.)*

    Petitioner contends that the lower court abused its discretion, in denying Habeas Corpus relief, when ruling against Petitioner's claims, as violative of California laws, under due process as protected by Calif. Const. Article I, Sec.'s 7, 15, 24.

    a.  Supporting facts:
        Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions  For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where).* (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

    [A] Petitioner submitted a Habeas Corpus Petition (See Supporting Document "I") to San Diego County Superior Court on December 30, 2006 after the Final Date of July 24, 2006 of the 3/26/06 Parole Consideration Hearing.

    [B] On February 20, 2007, the San Diego County Superior Court entered an Order (See Supporting Document "II") denying relief.

    [C] Petitioner adopts by reference thereto and fully incorporates as if stated herein (Supporting Documents "I" & "II"; inclusive of facts & points and authorities of Supporting Document "I".)

    (See Gnd. 1 Statement of Facts at page(s) 4-7 )

    b.  Supporting cases, rules, or other authority (optional):
        *(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

    Please See Attached at pages 8-11

1  GROUND 1 STATEMENT OF FACTS:

2  [1] In Petitioner's Superior Court Petition, he raised

3      10 Grounds. In summary, they were:

4      ONE - Board's allegation of multiple victims was illegally
            used;

5      TWO - Use of "motive" was illegally used;

6      THREE - Board's allegation of limited program was a violation
            of fundamental fairness;

7      FOUR - Board abused power when alleging "you have not
            participated in beneficial self-help;

8
9      FIVE - Board illegally used a serious prison disciplinary
            to deny parole;

10     SIX - Board's knowing use of inaccurate "psych report" to
            deny parole violated right to a fair decision;

11     SEVEN - Board illegally used prior alcohol and substance
            use to deny parole;

12
13     EIGHT - Requirement of "soul-searching" violated
            Penal Code § 5011 and "establishment clause";

14     NINE - BOARD WAS NOT IMPARTIAL WHEN CLAIMING
            GAINS WERE RECENT; and

15
16     TEN - MULTI-YEAR PAROLE DENIAL BASED ON ILLEGAL
            CIRCUMSTANCES / FACTORS VIOLATED MULTIPLE
            14TH Amendment Due Process holdings by U.S.S. Ct.

17

18 [2] The Superior Court refused to apply applicable state law

19     to the claims alleged.

20 [3] Throughout the 8 page Order denying relief (e.g. page 3 l

21     27; page 8 l 5) the Court properly identified that relief could be

22     granted for "abuse of discretion".

23 [4] In denying relief, the lower court's order it was

24     denied by: "Petitioner has failed to state a prima facie

25     case for relief." - page 4 l 3.

26 [5] The Court's order cited to the "some evidence" test and claimed

27     there was no showing Board acted arbitrarily / capriciously.

28

FD 4/38

GROUND 1 STATEMENT OF FACTS CONTINUED:

[6] The Superior Court correctly affirmed no CCR § 2402 (c)(1) Finding (order, page 5 ℓ 1-3) ; however allowed Board to use factors of said circumstance to deny parole (e.g. multiple "victims" and "motive".

[7] The lower court's order claims the Board did consider "permissible factors" as alleged in Title 15.

[8] The lower court's reasoned opinion can be fairly summarized as follows:

- P. 1 ℓ 19-27    § Commitment factors :
- P. 1 ℓ 28 –
  P. 2 ℓ 3    § Where he is housed, date of parole hearing, length of denial and date hearing was final ;
- P. 2 ℓ 4-28,
  P. 3 ℓ 1-10    § Summary of Grounds raised as Court interpreted ;
- P. 3 ℓ 11-15,
  P. 3 ℓ 16-28,
  P. 4 ℓ 1-2    § Court's belief of standard of review, "some evidence" ;
- P. 4 ℓ 8-27,
  P. 5 ℓ 1-28
  P. 6 ℓ 1-5    § CCR Title 15 unsuitability/suitability criteria (CCR § 2402 (c, d)) ;
- P. 6 ℓ 7-8    § Finding that Board did properly consider factors ;
- P. 6 ℓ 8-22    § Adequacy of Board's use of multiple victims ; [Gnd.1]
- P. 6 ℓ 23-28,
  P. 7 ℓ 1-10    § Adequacy of Motive ; [Gnd.2]
- P. 7 ℓ 11-23    § Adequacy of alleged limited program/self-help [Gnd 3-4]
- P. 7 ℓ 24-28,
  P. 8 ℓ 4-3    § Use of Prison Disciplinary [Gnd.5]
- P. 8 ℓ 10-16    § Multi-year Denial [Gnd.10]

[9] Nowhere did the Superior Court address lower claims (Grounds) 6-9. However, the court did state:
"As pointed out in the present petition there is no disputing that there are some factors which are favorable to Petitioner's suitability for parole." – P. 8 ℓ 4-5

GROUND 1 STATEMENT OF FACTS CONTINUED:

[10] Referring to [9] supra, the Court's statement is ambiguous as to whether it envelopes the Grounds of Six through "Nine, as favorable or at least not unsuitability criteria.

[11] As a logical inference, wherein the Court claims in the Order as supporting the Board, then what the Court didn't comment on didn't support the Board.

[12] Factors not supporting the Board shouldn't be unsuitability criteria for multi-year denial. Note: Unappealed findings of fact, are deemed true, and should be barred by res judicata/collateral estoppel in future.

[13] The lower court claims the Board could consider "he failed to participate in beneficial self-help" but then states the board's alleged use of limited self-help. Here, the Court is substituting its judgement for the board rather than judging what the board stated. The lower court shouldn't be able to conclude "failed to participate in any meaningful self-help" when Petitioner has "self-help".

[14] The 8 year old prison disciplinary is now used by the Court to justify parole denial when previously punished and time loss restored.

[15] Where the Court's actions affirm a multi-year denial on grounds inferred to be invalid, the multi-year denial is invalid.

[16] Where Petitioner has been punished for every offense he was convicted; alleged "multiple victims" is illegal.

FD 6/38

STATEMENT OF FACTS

( 1 . cont. )

[17] The California Judiciary shouldn't allow the Board to resentence Petitioner on crimes already sentenced and served. Where Pen Code §3041 does recognize the "timing and gravity" of the current and/or current + past offenses: the use of past offenses being an unsuitability factor should only be if other terms concurrent and not consecutive to life term. Otherwise, this puts the Board into the position of violating received sentences. For example: An attempted murder receives a weapon enhancement (a crime): how long could the board enhance the inmate for the same act? Further: where the legislature has proscribed punishment for other crimes (e.g. burglary — 2-4-6) and he serves that time before a life term, why does the Parole Board get to add more time? Any regulation beyond scope of a statute is invalid. It is necessary here to direct this Court to the case of In Re Weider (Cal. App. 6TH Dist. 2006) 52 Cal Rptr 3d 147, 161, 2006 DJDAR 15095:

"Appellant points out that there is also evidence that multiple victims were injured (§2402, subd. (c)(1)(A).) True, but again, the question is whether that evidence supports a finding that the crime was more violent or vicious than minimally required C.J"

Conclusively, "multiple victims" relates to life crime. Here there is no evidence of multiple victims for life crime.

MEMORANDUM OF POINTS AND AUTHORITIES

1.

Petitioner contends that the lower court abused its discretion in denying Habeas Corpus Relief, when ruling against Petitioner's claims, as violative of California law.

Applicable today, any administrative agency's decision cannot be sustained if an "abuse of discretion". This includes the arbitrary and capricious standard being synonymous (see, e.g. *In Re Edward Ramirez* (Cal. App. 1st Dist. 2001) 94 Cal App 4th 549, 114 Cal Rptr 2d 381 reversed on other grounds by *In Re Dannenberg* (Cal. 2005) 34 Cal. 4th 1061, 23 Cal Rptr 3d 417. Simply put, if the administrative agency's actions were arbitrary, capricious, lacking basis in fact or contrary to law : courts must vacate the agency's actions.

Here, the Board violated law by using CCR§2402(c)(1)(A)'s "multiple victim criteria" factor without ever alleging the CCR§2402(c)(1) "circumstance". This was likened to finding a Pen. Code §190.2 "special circumstance" when a defendant isn't even charged with 1st degree murder. All other property crimes had no victim as they were not crimes against persons. Also, punished for these previously.

Secondly, the Board used another factor (i.e. CCR§2402(c)(1)(E)) to support CCR§2402(c)(1) : when there was no evidence to allege the circumstance of any CCR§2402(c)(1) formulation. Here, this was beyond the scope of regulatory language and a violation of California Administrative Procedures Act (hereafter APA) as supported by Government Code §§ 11340.5 and 11342.600, passim.

MEMORANDUM OF POINTS AND AUTHORITIES CONTINUED

(1 Cont.)

Third of all, with complete disregard to Petitioner's length of incarceration (±10years), the Board used its mechanical formula of alleging a limited program. Because Petitioner is only convicted of Attempted Murder, his Initial Parole Hearing was to be scheduled after 6 years from the life term beginning. A second degree murderer's hearing would be around 9 years and a 1st degree murderer's would be around 15 years 8 months. The evidence in the record belies the alleged "limited program" of positive institutional behavior in perspective.

Fourthly, contrary to the Board's rote opinion about beneficial self-help lacking: where their own regulations specify what self-help is, by adopting other regulations by reference, and those criteria are met, the Board has obviously ignored what the law makes relevant. The lower court cant affirm none when existant.

Fifthly, the Board's use of one minor serious prison disciplinary; which Petitioner was congratulated for and laudatorily praised for keeping limited, and being ±8 years old at time of hearing was illegally used to deny parole. Especially as time should have mitigated it. His time was reviewed by the Executive Branch for the disciplinary, which did not occur during life term, so Board had no authority to even go outside scope of law.

Sixthly, the Board Panel knowingly refused to hold a hearing with a corrected Psychological Evaluation. The Board refused to look at the corrected Report during 120 day review period and refused to have en banc panel reweigh the correctness.

FD 9/_38_

1  MEMORANDUM OF POINTS AND AUTHORITIES CONTINUED

2  (1 Cont.)

3  Seventh, the Board refused to apply controlling California

4  law, as established by the California Judiciary by using

5  prior alcohol/substance abuse as unsuitability criteria.

6  Also the record was devoid of evidence as this being a contributing

7  factor.

8  Eighth of all, the Board blatantly denied parole because

9  they believed Petitioner needed to conduct some "soul-

10  searching". Not only did this violate the establishment

11  of religion doctrines as held by U.S.S.Ct but impliedly

12  mandate that Petitioner must admit guilt for his life

13  term offense : a violation of statutory law.

14  Ninth: the Board reiterated, by their mechanistic formula,

15  that Petitioner's gains are recent. Since his incarceration,

16  Petitioner has constantly and consistently made gains

17  Finally, to justify its overall multi-year denial;

18  the Board's panel recited every used reason for denial

19  itself: thus magnifying their own illegal actions all

20  over again. NOTE: Inferred invalidity of reasons 6-9 to deny parole.

21  At Petitioner's parole consideration hearing he was

22  guaranteed the right to fundamental fairness, by

23  a panel free from bias or prejudice, and a hearing

24  which would comply with all tenets of DUE PROCESS.

25  Pen Code §5078 mandated Board adhere to Adult Authority standards and

26  15 oes Atty Gen 53 has clearly excepted Board's actions that

27  are not exercised with court interpretations.

28

FD 10/38

1  MEMORANDUM OF POINTS AND AUTHORITIES CONTINUED
   (1 Cont.)

2  Harper -v- Virginia Dept. of Taxation (1993) 113 S. Ct. 2510, 2520, 509 US 86

3  (State law may provide relief beyond demands of Federal Due Process but under

4  no circumstances may it confine Petitioner to a lesser remedy).

5  Thus, state courts should clearly understand "abuse of discretion"

6  as Petitioner relies. Union Flights, Inc. -v- Administrative F.A.A

7  (9th Cir. 1992) 957 F.2d 685, 688 (Administrative agency is not able to

8  articulate new principles if action would be abuse of discretion). Also,

9  Mendenhall -v- National Transp. Safety Bd. (9th Cir. 1996) 92 F.3d 871, 874:

10     "There is an abuse of discretion when an agency's decision is
       based on erroneous conclusion of law or when the record
11     contains no evidence on which it could have rationally
       based that decision ... A finding that an agency's position
12     was substantially justified when the agency's position
       was based on violations of the Constitution, Federal
13     statute or the agency's own regulations constitutes an
       abuse of discretion."
14

15  Here, Petitioner has alleged and proven violations of both the

16  Constitution and the Board's own regulations.

17  Jewell Ridge Coal Corp. -v- United Mine Workers (1945) 325 U.S. 161,

18  89 L. Ed. 1534, 65 S. Ct. 1063 reh'g den. 325 US 897, 89 L.ed 2001, 65 S. Ct 1550

19  (no weight can be attached by the court to an administrative

20  interpretation which is legally untenable).

21  Topanga Ass'n Scenic Com. -v- County of Los Angeles (Cal. 1974)

22  113 Cal Rptr 836, 842, 11 Cal. 3d 506:

23     "As stated by the United States Supreme Court the "accepted ideal is
       that 'the orderly functioning of the process of review requires
24     that the grounds upon which the administrative agency acted be
       clearly disclosed and adequately sustained ... a findings
25     requirement serves to conduce the administrative body to draw
       legally relevant subconclusions [.] [Emphasis Added, E.A. hereafter]
26

27  Here, in violation of Petitioner's state due process rights, the Board's

28  decision must be vacated.

FD 11/38

7. **Ground 2:** ~~(if applicable):~~

Petitioner contends that the lower court's refusal to grant Habeas Corpus relief was "contrary to" controlling U.S. Supreme Court holdings as applicable via 14th Amendment's "Due Process" clause, when denying liberty interest in parole by affirming Parole Board's decision

a. Supporting facts:

[A] Petitioner adopts and incorporates by reference thereto Ground 1 #'s [A] - [C], as stated at page 3.

( See Gnd. 2 Statement of Facts at page(s) 13, 14 )

b. Supporting cases, rules, or other authority:

Please See Attached at pages 15-19

GROUND 2 STATEMENT OF FACTS:

[1] Petitioner raised 10 federalized grounds to the San Diego County Superior Court. Each of the grounds the lower courts order addressed are as follows:

| GROUND : | | CASE(S): |
|---|---|---|
| ONE | : | SUPERINTENDENT ... -V- HILL (1985) 472 US 445 |
| TWO | : | MORISSEY -V- BREWER (1972) 408 US 471 |
| THREE | : | WALTERS -V- NAT. ASSN. OF RADIATION SURVIVORS (1985) 473 US 305 |
| FOUR | : | COUNTY OF SACRAMENTO -V- LEWIS (1998) 118 S.Ct. 1708 |
| FIVE | : | GREENHALTZ -V- INMATES OF NEB. PENAL AND CORR. COMPLEX (1979) 442 US 1 |
| TEN | : | EVITTS -V- LUCEY (1985) 105 S.Ct. 830 |

[2] Of the 10 grounds presented, the following were not addressed by the lower court.

| SIX | : | ARKANSAS -V- OKLAHOMA (1992) 112 S.Ct. 1046 |
|---|---|---|
| SEVEN | : | UNITED STATES -V- CACERES ( ) 59 L.Ed.2d 733,743 |
| EIGHT | : | LITEKY -V- U.S. (1994) 114 S.Ct. 1147 |
| NINE | : | SCHWEIKER -V- McCLURE (1982) 456 US 188 |

[3] In the Superior Court's order, citing California law, came to a factual conclusion opposite the legal doctrines cited on the grounds answered.

[4] On the grounds (6-9) not answered, the order was closely "contrary to" U.S.S.Ct. holdings.

[5] The overall resulting prejudice now suffered is still allowing the Parole Board's legal findings to be illegally imposed.

GROUND 2 STATEMENT OF FACTS CONTINUED:

[6] In fact, the authorities relied upon by the lower court's order do not address the legal merits of the Constitutional violations alleged.

[7] It is conceded that the lower court's order did use the "some evidence" analysis; however, the reasoned opinion was even opposite that constraint on judicial review.

[8] Upon information and belief and thereon alleged, the lower court's order was subterfuge to evade the Federal questions.

FD 14/38

MEMORANDUM OF POINTS AND AUTHORITIES CONTINUED

(PREFACE TO GROUNDS 2-4 OF APPELLATE REVIEWS / FEDERAL STANDARD OF REVIEW)

Notwithstanding how Petitioner has alleged abuse of discretion by the lower court in Ground 1, under state standards, he proffers how the lower courts order violated 28 USC § 2254 (d)(1,2):

28 USC § 2254 (d)(1)

Williams -v- Taylor (2000) 120 S.Ct. 1495, 1519-20, 529 US 362 holds: "First, a state court decision is contrary to this Courts precedent if the state court arrives at a conclusion opposite to that reached by this Court on a question of law...." [A] state-court decision involves an unreasonable application of this Courts precedent if the state court identifies the correct governing legal rule... but unreasonably applies it to the facts .... [or] a state-court decision also involves an unreasonable application of this Courts precedent if the State Court either unreasonably extends a legal principle... where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." [Emphasis Added (E.A.)]

28 USC § 2254 (d)(2)

Rice -v- Collins (2006) 546 US ___, ___ US ___ slip opinion 7-8: "[W]hether a state court errs in determining the facts is a different question from whether it errs in applying the law." Taylor -v- Maddox (9TH CIR. 2004) 366 F.3d 992, 999 (unreasonable determination of the facts in light of the evidence presented presumed correct unless rebutted by "clear and convincing" evidence). Rose -v- Lundy (1982) 71 L.Ed.2d 379, 387 (state courts equally bound to guard and protect U.S. Const. rights). Thus, State Appellate Judiciary now presented the further ability to review Federal Questions, cf Vasquez -v- Hillery (1986) 474 US 254, 88 L.Ed 2d 598, 605.

MEMORANDUM OF POINTS AND AUTHORITIES CONTINUED

2.

Petitioner contends that the lower courts refusal to grant Habeas Corpus relief was "contrary to" controlling U.S. Supreme Court holdings as applicable via 14TH Amendment's "Due Process" clause, when denying liberty interest in parole by affirming Parole Board's decision.

In the order denying relief the Court stated: "The Board's decision should not be disturbed unless it has acted arbitrarily or capriciously. Particular deference must be accorded to the Board's factual determinations, which need only be supported by some evidence." Here, the lower court has clearly analyzed that the Board's standard of review is "some evidence".

Here the state court has reached a conclusion (as related to some evidence) that is opposite Hamdi -v- Rumsfeld (2004) 542 US 507, 124 S.Ct. 2633: "[W]e have utilized the "some evidence" standard in the past as a standard of review not a standard of proof. [E.A.] Therefore, "some evidence" as used by the Board, according to the Superior Court, is a wrongful interpretation as established by questions of law.

Further, Williams -v- Taylor, supra, at p. 1520: "A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts governing law set forth in our cases." Here, deference cannot (and shouldn't) be paid to the lower courts order when the legal conclusion is opposite Superintendent -v- Hill (1985) 86 L.Ed 2d 356, 472 US 445, 105 S.Ct 2768.

FD 16/38

1  MEMORANDUM OF POINTS AND AUTHORITIES CONTINUED

2                    (2 Cont.)

3  In Superintendent --- v- Hill, supra, the HIGH COURT went on to

4  establish:

5      "Instead, the relevant question is whether there is any
       evidence in the record that could support the

6      conclusion reached ... The fundamental fairness

7      guaranteed by the Due Process Clause does not require
       courts to set aside decisions ... that have some

8      basis in fact." [E.A.]

9  Here, there can be no "fundamental fairness" when the

10 Board and lower courts affirmance violate U.S.S.Ct. holdings.

11 Peltier -v- Wright (9ᵗʰ Cir. 1994) 15 F-3d 860, 862 warned:

12     "[W]e are bound by the state's construction
       except when it appears that its interpretation

13     is an obvious subterfuge to evade the consideration
       of a federal issue."

14

15 Because the Board of Parole Hearings has no "standard of

16 evidence" which the hearing is conducted; Petitioner showed

17 how the "unsuitability" reasons violated tenets established by

18 the HIGH COURT.

19 Minimally, the Board's actions denying Petitioner parole

20 were arbitrary and capricious and cannot meet the "fundamental

21 fairness" requirements of the "some evidence" test when violating

22 binding procedures. Daniels -v- Williams (1986) 106 S.Ct. 662, 665,

23 474 US 332: "By requiring the government to follow appropriate

24 procedures when its agents decide to "deprive any person of

25 life, liberty, or property," the Due Process Clause promotes

26 fairness in such decisions.

27 Here, where law was violated, there was no "fundamental fairness".

28

FD 17/38

1  MEMORANDUM OF POINTS AND AUTHORITIES CONTINUED

2  ( 2 Cont.)

3  The Decision, by the Parole Board, was required to reflect

4  "an individualized [and legally adequate] consideration of all

5  other Factors [related] relevant to parole suitability." In Re

6  Rosenkrantz, supra, 29 Cal. 4™ at p.p. 682-683)"—as cited from In

7  Re Christopher Capistran (Cal.App. 2nd Dist. 2003 DAR 4237, 4239).

8  In Re Edward Ramirez (Cal.App. 1st Dist. 2001) 114 Cal.Rptr 2d

9  381, reversed in part on another Ground by In Re Dannenberg (Cal. 2005):
   "The United States Supreme Court has made it clear that

10 the "some evidence" standard discussed in Hill is only
   one aspect of judicial review for compliance with minimum

11 standards of due process. In Edwards-v-Balisok (1997)
   520 US 641 --- The court held that the scope of judicial

12 review --- is not so cramped. Even the minimum due

13 process standards applied to prison disciplinary hearings are not
   so lax as to let stand the decision of a biased hearing

14 officer who dishonestly suppresses evidence or evidence."

15 (Id. at p. 647) The court explained that the "some evidence"
   standard applies only to questions of evidentiary sufficiency.

16 It is an additional requirement of due process, not a

17 substitute for other established due process requirements.

18 (Id. at p. 648)." [E.A.]

19 It is evident by the Superior Courts' order, that it

20 has ignored the constitutional allegations of the Board's actions

21 being in violation of the relied upon U.S.S.Ct. holdings.

22 This violated Petitioner's right to Due Process.

23 Evitts-v-Lucey (1985) 105 S.Ct. 830, 838-39, 469 US 388:
   "[A] state has great discretion in setting policies

24 Governing parole decisions, but it must nonetheless

25 make those decisions in accord with Due Process

26 Clause [cites omitted]. In short, when a state opts
   to act in a field where its action has significant

27 discretionary elements, it must nonetheless act in
                                              ccont.].

28

FD 18/3B

MEMORANDUM OF POINTS AND AUTHORITIES CONTINUED

(2 cont.)

accord with dictates of the Constitution — and, in particular in accord with the Due Process Clause."

<u>Walters —v— Nat. Assn. of Radiation Survivors</u> (1985) 473 US 305, 87 L Ed 2d 220, 105 S. Ct. 3180, 3189:

"[F]undamental fairness of a particular procedure does not turn on the result obtained in any individual case; rather, procedural due process rules are shaped by the risk of error inherent in the truth-finding process as applied to the generality of cases, not rare exceptions."

Here, the Superior Court ruling was "contrary to" all controlling holdings alleged.

7. ~~Fourteenth~~ Ground 3 *(if applicable)*:

Petitioner contends that the lower court's refusal to grant Habeas Corpus relief was due to the order being an "unreasonable application" of controlling U.S.S. ct cases which should have controlled decision as applicable via 14th Amend's "Due Process" clause when denying liberty interest in parole.

a. Supporting facts:

[A] Petitioner adopts and incorporates by reference thereto Ground 1 P's [A]-[c], as stated at page 3 ___.

(See Gnd. 3 Statement of Facts at page(s) 21-23)

b. Supporting cases, rules, or other authority:

Please See Attached at pages 15,24-27

FP 20/38

GROUND 3 STATEMENT OF FACTS:

[1] Petitioner raised 10 Federalized Grounds in his lower court petition. They were supported by one or more U.S.S.Ct. holdings; as follows:

| GROUND : | | U.S.S.Ct. HOLDINGS |
|---|---|---|
| ONE | : | SUPERINTENDENT -V- HILL (1985) 105 S.Ct 2768 |
| | | DANIELS -V- WILLIAMS (1986) 106 S.Ct. 662 |
| | | HAMDI -V- RUMSFELD (2004) 542 US 507 |
| TWO | : | MORRISSEY -V- BREWER (1972) 408 US 471 |
| | | GROPPI -V- LESLIE (1972) 409 US 496 |
| | | CAFETERIA WORKERS -V- McELROY (1961) 367 US 886 |
| THREE | : | WALTERS -V- NAT. ASSN. OF RADIATION SURVIVORS (1985) 473 US 305 |
| FOUR | : | COUNTY OF SACRAMENTO -V- LEWIS (1998) 118 S.Ct. 1708 |
| | | F.P.C. -V- TRANSCONTINENTAL GAS PIPE LINE (1979) 96 S.Ct. 579 |
| FIVE | : | GREENHOLTZ -V- INMATES OF NEB. PENAL & CORR. COMPLEX (1979) 442 US 1, 15 |
| | | MORRISSEY -V- BREWER , SUPRA |
| SIX | : | ARKANSAS -V- OKLAHOMA (1992) 112 S.Ct. 1046, 1060 |
| SEVEN | : | UNITED STATES -V- CACERES ( ) 59 L.Ed 2d 733, 743 |
| EIGHT | : | LITEKY -V- U.S. (1994) 114 S.Ct. 1147, 1155 |
| | | LEE -V- WEISMAN (1992) 505 US 577, 587 |
| | | GILLETTE -V- UNITED STATES (1971) 91 S.Ct. 828, 836 |
| | | WITHROW -V- LARKIN (1975) 421 US 35 |
| NINE | : | SCHWEIKER -V- McCLURE (1982) 456 US 188 |
| TEN | : | EVITTS -V- LUCEY (1985) 105 S.Ct. 830, 838-39 |
| | | GROPPI -V- LESLIE (1972) 30 L.Ed 2d 632, 636, supra |
| | | Howlett By and Through Howlett -v- Rose (1990) 110 S.Ct. 2430, 2438 |

[2] The reasoned opinion by the Superior Court's order did not particularize on Grounds Six, Seven, Eight and Nine. If the lower court deemed these "some Factors which are Favorable", then how are these used for unsuitable.

[3] Throughout the lower court's order addressing Grounds 1-5, and 10 it is evident the Court attempted to use "same evidence" test. It appears Ground 3 was encompassed into Ground 4's order by court.

FD 21 / 38

GROUND 3 STATEMENT OF FACTS CONTINUED:

[4] "Some Evidence" is a proper standard of review for analyzing evidence. but it is improper for analyzing other due process tenets.

[5] The U.S.S.Ct. holdings relied upon by Petitioner were not vague or ambiguous.

[6] It was objectively unreasonable for the lower court not to extend the associated U.S.S.Ct. holdings to the Grounds as alleged.

[7] No reasonable mind could differ about:
   (A) The lower order not addressing Grounds 6-9; and
   (B) The lower order failed to address the legal analysis of Grounds 1-5, and 10.

[8] Simply put, the alleged "unreasonable application" standard of review applies to mixed questions of fact and law. Here, the court's opinion was weakened when incorrectly conducting the otherwise legal analaysis

   (A) Court said: "Thus the multiple victims in seperate instances factor was properly considered by the board." [Emphasis Added]
   Gnd 1
   The Court makes Petitioner's case by recognizing that "multiple victims" is a factor (i.e. CCR §2402(c)(1)(A) but claims that the factor can go outside the CCR §2402(c)(1) circumstance.

   (B) Court said: "[T]he Board had the ability to find that the motive for the crime is inexplicable. Moreover the Board had the right to consider motivation for the crime under 15 CCR §2402(d)(1)[Note: CCR §2402(d)(1) a "Suitability" not "Unsuitability" circumstance] and did not have to make a finding that the crime was committed in an especially heinous, atrocious or cruel manner[.]"
   Gnd 2

FD 22/38

STATEMENT OF FACTS FOR GROUND 3 CONTINUED:

(B) cont.

Here, the lower court is permitting the Board to violate established law and administrative law.

(C) When the Board alleged "have not participated in beneficial self-help programs" [Emp. Added], he needed only to disprove the negative conclusion. Cnt 3/4

The court cannot come to a legally tenable conclusion of "Failed" / "Failing" when Record proves otherwise.

(D) 1 prison disciplinary to deny parole, as misconduct by an agency that Pen. Code §2932 doesn't even give authority to deny parole / credits is legally wrong. Cnt 5

Here, the Board disregarded precedent of this state and fails to recognize the law.

(E) Regarding the multi-rise denial, where 5 of the 9 reasons to deny parole have been refuted / deemed favorable the court shouldn't be permitted to allow the rest of the reasons to remain valid. Cnt 10

A violation of law is clearly an abuse of discretion, which violates due process. There have not been disciplinary proceedings during life term.

MEMORANDUM OF POINTS AND AUTHORITIES CONTINUED

<u>3</u>.

Petitioner contends that the lower court's refusal to grant Habeas Corpus relief was due to the order being an "unreasonable application" of controlling U.S.S.Ct. cases which should have controlled decision as applicable via 14TH Amend's "Due Process" clause when denying liberty interest in parole.

It is Petitioner's contention, notwithstanding how the Superior Court's order was "contrary to" U.S.S.Ct. holdings, that the lower court's order was also an unreasonable application of all the U.S.S.Ct. principles/doctrines to the grounds alleged.

<u>Sims -v- Rowland</u> (9TH Cir. 2005) 414 F.3d 1148, 1152 cert. den 126 S.Ct. 809 (2005):

"A state court decision is an unreasonable application of Supreme Court precedent when the court applies those precedents to the facts in an objectively unreasonable manner. See <u>Brown -v- Payton</u>, 544 US ___, ___, 125 S.Ct. 1432, 161 L.Ed 2d 334 (2005) [other cites omitted]. This phrase also encompasses an unreasonable failure to extend the holding or legal principle of a Supreme Court decision to a situation in which it "should have controlled". <u>Ramdass -v- Angelone</u>, 530 US 156, 166, 120 S.Ct. 2113, 147 L.Ed 2d 125 (2000) (plurality opinion)."

On the face of the lower court's order, both of the above aspects have been violated. First, the Court has used the "same evidence" doctrine (of <u>Superintendent ...-v- Hill</u>, supra passim) in an objectively unreasonable manner.

Secondly, where as a matter of law, the lower court's order unreasonably failed to extend the U.S.S.Ct. cases to the Grounds where they should have controlled.

MEMORANDUM OF POINTS AND AUTHORITIES CONTINUED

(3 Cont.)

In Gill -v- Ayers (9TH CIR. 2003) 342 F.3d 911, 920:
"It is logical to conclude that if a case presents
an issue close enough for reasonable minds to differ,
then a state court's decision resolving that issue
even if incorrect would not be objectively unreasonable.

Here, the Superior Court has failed to make sure that
Board of Parole Hearings follows the law and also failed to
hold according to the standards set forth by the HIGH
COURT.

In Holland -v- Jackson (2004) 124 S.Ct. 2736:
" In this [unreasonable application] and related
contexts, we have made clear that whether a state
court's decision was unreasonable must be assessed
in light of the record the court had before it."

The record, on all grounds, was explicit as to how the
Board's actions violated Due Process.

Yarbrough -v- Alvarado (2004) 124 S.Ct. 2140, 2149: "If
a legal rule is specific, the range may be narrow." Here,
the cases relied upon by Petitioner were neither vague nor
ambiguous.

Here, it is objectively unreasonable for the lower court
to rely on the "some evidence" test

Where the California Supreme Court has declared what in
the regulations is a circumstance: neither the Board nor Superior
Court is free to disregard law.

When Petitioner's statutory Initial Parole Hearing date
was not affected by prison behavior/program then the Board

F.D 25/38

MEMORANDUM OF POINTS AND AUTHORITIES CONTINUED
(3 Cont.)

shouldn't be able to deny parole for reasons not supported.

Further, where 1 prison disciplinary being 8 years old would not affect a Determinate Sentenced Inmate's release date in the same situation: Due process shouldn't allow the Board to claim it does for an Indeterminately sentenced prisoner.

Finally, where the equation for the multi-year denial was aberrated, and the record is deplete of information to support that it would still issue a multi-year denial: a new hearing is now necessary to determine whether the remaining Superior Court proffered "some evidence" now outweighs the suitability circumstances.

Apparently the lower courts order forgets that when evidence fails to legally sustain a subject categorization: the evidence is disproved.

Assuming, without stipulating, that "some evidence" is evident; then the court has to review under arbitrary, capricious, lacking basis in fact, and contrary to law.

California case law does not supercede holdings of the U.S.S.Ct especially when the California law ignores the established tenets so declared.

Irons-v-Carey (9th Cir. Cal 2007) ___ F.3d ___, filed 3/6/07 clearly recognized "motive" as a factor of the circumstances tending to show unsuitability. Thus any factor of CCR§2402 (c)(1)(A-E) must support CCR§2402(c)(1) only if existent factors beyond minimum to convict.

FD 26/38

1  MEMORANDUM OF POINTS AND AUTHORITIES CONTINUED

2  (3. Cont.)

3  Deference shouldn't be paid to the lower court's order.

4  Good Samaritan Hosp. –v– Shalala (1993) 113 S.Ct. 2151, 2161, 508

5  US 403 §

6  "As we have stated: "An agency interpretation of a relevant
   provision which conflicts with the agency's earlier

7  interpretation is 'entitled to considerably less deference'

8  than a consistently held agency view.""

9  Pauley –v– Bethenergy Mines Inc (1991) 111 S.Ct. 2524, 2535,

10  501 US 681 §

11  "As a general matter, of course, the case for judicial
    deference is less compelling with respect to agency

12  positions that are inconsistent with previously held

13  views. See Bowen –v– George Town University Hospital,
    488 US 204, 212-213, 109 S.Ct. 468, 473-474, 102 L.Ed 2d 493

14  (1988)."

15  Mendenhall –v– National Transp. Safety Bd. (9ᵗʰ Cir 1996) 92 F.3d 871

16  "A finding that an agency's position was substantially
    justified when the agency's position was based on

17  violations of the Constitution, federal statute or the

18  agency's own regulations, constitutes an abuse of discretion.

19  Yang –v– Shalala, 22 F.3d 213, 217-218 (9ᵗʰ Cir. 1994)."

20

21

22

23

24

25

26

27

28

7. ▆▆▆▆▆Ground  4   *(if applicable)*:

Petitioner contends lower court's refusal to grant Habeas Corpus relief was due to Order being an "unreasonable determination of the facts in light of the evidence presented" when denying liberty interest in parole which was contradicted by "clear and convincing evidence."

a  Supporting facts:

[A] Petitioner adopts and incorporates by reference thereto Ground 1 P's [A]-[C], as stated at page 3.

(See Gnd. 4 Statement of Facts at page(s) 29-31 )

b.  Supporting cases, rules, or other authority:

Please See Attached at pages 5,32-33

FD28/38

1  GROUND 4 STATEMENT OF FACTS:

2  [1] The 9 reasons parole was denied, and subsequently used

3  for parole denial can be fairly summarized as follows:

4  ONE  —  MULTIPLE VICTIMS IN SEPERATE OFFENSES;

5  TWO  —  USE OF MOTIVE;

6  THREE  —  LIMITED PROGRAMS

7  FOUR  —  HAVING <u>NOT</u> PARTICIPATED IN BENEFICIAL SELF-
8          HELP PROGRAMS;

   FIVE  —  1, 8-YEAR OLD, SERIOUS PRISON DISCIPLINARY
9          WHERE LOST TIME RESTORED BEFORE LIFE TERM;

10  SIX  —  PSYCHIATRIC REPORT ALLEGEDLY NOT TOTALLY
           SUPPORTIVE;

11  SEVEN  —  ALLEGED PRIOR ALCOHOL AND SUBSTANCE ABUSE;

12  EIGHT  —  DENYING RESPONSIBILITY AND NEEDED SOUL-SEARCHING; and

13  NINE  —  ALLEGED RECENT GAINS.

14

15  [2]  ADDRESSING THE CLEAR AND CONVINCING EVIDENCE TO THE

16  CONTRARY OF GROUNDS (REASONS) 1-5, AS GROUNDS (REASONS

17  6-9 WERE NOT CLEARLY ADDRESSED BY COURT:

18  ONE — UNDER CALIFORNIA LAW, THERE ARE MULTIPLE
        CATEGORIES OF CRIMES (e.g. CRIMES AGAINST PROPERTY,
19      CRIMES AGAINST PERSONS, OBSTRUCTION OF JUSTICE ....)
        IN PETITIONER'S CASE THERE IS ONLY <u>ONE</u> CRIME AGAINST
20      <u>ONE</u> PERSON. ALSO, MULTIPLE VICTIMS IS <u>ONLY A</u>
        <u>FACTOR</u> UNDER CCR §2402(c)(1)(A) TO SUPPORT THE
21      CIRCUMSTANCE FOR UNSUITABILITY OF CCR §2402(c)(1).
        The Board of Parole Hearings has <u>no</u> statutory authority
22      to deny parole for other crimes that are <u>final</u>.

23

24  TWO — MOTIVE IS A FACTOR UNDER CCR §2402(c)(1)(E) TO
        SUBSTANTIATE THE CIRCUMSTANCE OF CCR §2402(c)(1).
25      AS THERE IS <u>NO</u> EVIDENCE TO SUBSTANTIATE ANY
        ELEMENTS BEYOND THE MINIMUM TO CONVICT.
26

27

28

1   GROUND 4 STATEMENT OF FACTS. CONTINUED:

2   [2 cont.]

3       THREE -    THE RECORD BELIES THE EXISTENCE OF LIMITED
                   PROGRAM;
4
        FOUR -     THE RECORD BELIES NOT HAVING PARTICIPATED
5                  IN BENEFICIAL SELF-HELP PROGRAMS; *

6       FIVE -     THE ONE ±8 YEAR OLD PRISON DISCIPLINARY
                   LACKED INDICIA OF RELIABILITY TO PROVE THAT
7                  IT MADE PETITIONER AN UNREASONABLE THREAT TO
                   SOCIETY IF PAROLED.
8

9   [3]  PLACING THE BOARD'S STATEMENTS INTO PROPER CONTEXT, AS

10       ADDRESSED BY THE SUPERIOR COURT:

11           THERE WAS NO EVIDENCE IN THE RECORD TO SUBSTANTIATE
             CCR § 2402.CC(1)(A-E) WHEN NOT ALLEGING THE CRIME MET
12           THE ESPECIALLY HEINOUS, ATROCIOUS OR CRUEL CRITERIA.
             PETITIONER HAS SUFFICIENT PROGRAM, WHICH CANNOT
13           BE EQUATED TO A 1st Degree / 2nd Degree Murderer as he
             has not served as long before his minimum date.
14           Petitioner's program has not been limited and self-help
15           programs could be made part of parole conditions. The Board
             even went so far as to state "book reports or something that
16           would show us that you have a strong understanding of
17           how [they] ... helped you prepare for release." The record
             clearly established (a) preparation for sober living - Ground 7 P(5),
18           (b) Success after Parole - Ground 9 P(3) and (c) Anger Management -
19           Ground 9 P(3). Finally, how 1 prison disciplinary in the
             past was not a parole unsuitability circumstance.
20

21   [4] Regarding the Superior Court's actions, there wasn't any

22       evidentiary hearing regarding the findings of fact.

23   [5] As the Superior Court's order has made legally erroneous

24       conclusions of fact, as to what the law makes relevant,

25       was unsupported by sufficient evidence.

26   [6] Notwithstanding the lack of support; the legal conclusions

27       were defective.

28

                        FD 30 / 38

1  STATEMENT OF FACTS FOR GROUND 4 CONTINUED:

2  (7) There was also no specific finding as to Grounds 6-9.

3  (8) Petitioner pointed out via Federal law, supported by state

4    law, how the Board's factual analysis failed. Which,

5    when supported by the lower court's affirmance, then

6    become an unreasonable determination of the facts

7    in light of the evidence presented.

8  (9) Due to the Superior Court's legal error, the error

9    has infected the fact-finding process.

10 (10) In support thereof, adoption and incorporation of Ground 1

11    statement of Facts and associated points and authorities

12    of appellate review for lower court's action.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FD 31/38

MEMORANDUM OF POINTS AND AUTHORITIES CONTINUED

4.

Petitioner contends lower court's refusal to grant Habeas Corpus relief was due to Order being an "unreasonable determination of the facts in light of the evidence presented" when denying liberty interest in parole which was contradicted by "clear and convincing evidence".

Notwithstanding how Petitioner has proven that the lower court's order was "contrary to" and "unreasonable application" of U.S.S.Ct. holdings: the last reasoned opinion was also an unreasonable determination of the facts in light of the evidence presented. Simply put, the evidence was clearly and convincingly opposite the lower Court's Finding.

In this case, without an order to show cause or an evidentiary hearing, there was made findings of fact. In Re DeLuna (Cal. App. 6TH Dist. 2005) 24 Cal. Rptr. 3d 643, 649-50: "We must confine our review to the stated factors [e.g. CCR § 2402(c)] found by the Board and all the evidence presented at the parole hearing which is relevant to those findings." [E.A.]

Taylor ~v~ Maddox (9TH Cir. 2004) 366 F. 3d 992 has established: "[T]he "unreasonable determination" clause applies most readily to situations where petitioner challenges the state court's findings based entirely on the state record. Such challenges may be based on the claim that the finding is unsupported by sufficient evidence [cites omitted], that the process employed by the state court was defective [cites omitted], or that no finding was made by the state court at all." — p. 999-1000

FD 32/38

MEMORANDUM OF POINTS AND AUTHORITIES CONTINUED

(4 Cont.)

"[T]he "unreasonable determination" standard comes in several flavors ... where the state court should have made a finding of fact but neglected to do so... A somewhat different set of considerations applies where the state court does make factual findings, but does so under a misapprehension as to the current legal standard... Obviously where the state court's legal error infects the fact finding process, the resulting factual determination will be unreasonable and no presumption of correctness can attach to it." — pp. 1000-1001

"If, for example, a state court makes evidentiary findings without holding a hearing and giving Petitioner an opportunity to present evidence such findings clearly result in an "unreasonable determination of the facts." p. 1001

First, the findings were unsupported by sufficient evidence. Secondly, the lower court's order employed defective process. Third of all, the state judiciary has made factual findings under numerous misapprehensions as to the current legal standards.

Minimally, independent review is necessary. In Re Earnest Smith (Cal. App. 6TH Dist. 2003) 114 Cal. App. 4TH 343, 360: "As noted, the court below did not conduct an evidentiary hearing but reached its decision based on the exhibits attached to the petition and return. Under the circumstances we shall independently review the record."

As the clear and convincing evidence supports, an unreasonable determination of the facts in light of the evidence presented has occurred in violation of 14TH Amend. Due process" clause.

8. Did you appeal from the conviction, sentence, or commitment?   ☒ Yes.   ☐ No.   If yes, give the following information:

   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

   NOTE: Not Relevant, this case deals with Parole Issue

   b. Result. _____     c. Date of decision: _____

   d. Case number or citation of opinion, if known: _____

   e. Issues raised:   (1) _____

   (2) _____

   (3) _____

   f. Were you represented by counsel on appeal?   ☐ Yes.   ☐ No.   If yes, state the attorney's name and address, if known:

   _____

9. Did you seek review in the California Supreme Court?   ☐ Yes.   ☐ No.   If yes, give the following information:

   a. Result: _____     b. Date of decision: _____

   c. Case number or citation of opinion, if known: _____

   d. Issues raised:   (1) _____

   (2) _____

   (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

    Not Applicable

11. Administrative Review:

    a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

    Not Applicable, this Petition addresses Superior Court's Order

    (NOTE: Board of Parole Hearings hasn't had Appeal System since 5/2004)

    _____

    _____

    _____

    _____

    _____

    _____

    b. Did you seek the highest level of administrative review available?   ☐ Yes.   ☐ No.   See # 11 above

    *Attach documents that show you have exhausted your administrative remedies*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☒ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a  (1) Name of court: San Diego County Superior Court

(2) Nature of proceeding (for example, "habeas corpus petition"): Habeas Corpus Petition (See Supp. Doc. "I")

(3) Issues raised: (a) There were 10 Grounds Raised (See Supp. Doc. "I" pages

(b) 3 to 24

(4) Result (Attach order or explain why unavailable): (See Supp. Doc. "II")

(5) Date of decision. 2/20/2007

b  (1) Name of court. _____

(2) Nature of proceeding· _____

(3) Issues raised· (a) _____

(b) _____

(4) Result (Attach order or explain why unavailable): _____

(5) Date of decision. _____

c.  For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

There is no Unreasonable Delay as Petition is submitted within 60 days of receipt from lower level

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

_____

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:

_____

18 If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

This Court now has Jurisdiction over San Diego County's Order Denying Relief

I, the undersigned, say I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date· 4/8/2007

(SIGNATURE OF PETITIONER)

— CONCLUSION —

1. Under the current legal doctrines of both state and Federal law, Petitioner has established how there is a prima facie case for Habeas Corpus relief.

2. First. he established not only how the Parole Board violated his rights. he has further established how the lower courts' reasoned opinion was also an abuse of discretion under state law.

3. Second of all, it has been additionally established how the lower order was also "contrary to" controlling U.S.S.ct. holdings.

4. Thirdly, while simultaneously denying relief in a manner that was an unreasonable application of HIGH COURT doctrines.

5. Finally, by clear and convincing evidence to the contrary, the last reasoned opinion was an unreasonable determination of the facts in light of the evidence presented.

6. In this case, minimally independent review is necessary to uphold Petitioner's State and Federal "due process" claims.

## PROOF OF SERVICE BY MAIL
### BY PERSON IN STATE CUSTODY
#### (C.C.P. §§ 1013(A), 2015,5)

I, _JESSE HERNANDEZ_____, declare:
I am over 18 years of age and I am party to this action.  I am a
resident of CORRECTIONAL TRAINING FACILITY prison, in the County
of Monterrey, State of California.  My prison address is:

> _JESSE HERNANDEZ____, CDCR #: _K-211116_____
> CORRECTIONAL TRAINING FACILITY
> P.O. BOX 689, CELL #: _GW-104-UP_
> SOLEDAD, CA 93960-0689.

On ____April 8____, 2007___, I served the attached:

_RE 8 PETITION FOR WRIT OF HABEAS CORPUS_____

_____

on the parties herein by placing true and correct copies
thereof, enclosed in a sealed envelope (verified by prison
staff), with postage thereon fully paid, in the United States
Mail in a deposit box so provided at the above-named institution
in which I am presently confined.  The envelope was addressed as
follows:

ATTN: Clerk of the Court                Gerald Brown Jr, Attorney General, et al
Fourth District Court of Appeal         c/o Office of the Attorney General
For the State of California              P.O. Box 85266
Division 1                              San Diego, CA 92186-5266
750 B. STREET, SUITE 300
SAN DIEGO, CA.
         92101-8189

I declare under penalty of perjury under the laws of the
State of California that the foregoing is true and correct.
Executed on __4/8/2007__.

                                        _____
                                        Declarant

FD38/38

1  JESSE HERNANDEZ (CDCR NO. K-21116)
   GW-104-Up, CTF-Central
2  P.O. Box 689
   SOLEDAD, CA 93960-0689
3  (IN PRO PER)

4

5

6

7

8        FOURTH DISTRICT COURT OF APPEAL

9      IN AND FOR THE STATE OF CALIFORNIA

10              DIVISION 1

11

12

13 | IN RE JESSE HERNANDEZ          |
      JESSE HERNANDEZ - PETITIONER   | CASE NO.
14 |                                 |
15 |        —V—                      | RE8 SUPPORTING DOCUMENTS TO
                                     | SIMULTANEOUSLY FILED
16 | B. CURRY, WARDEN (A), et al     | HABEAS CORPUS PETITION
        RESPONDENT(S)               | DATED __4 / 8 / 07__ AS
17 |                                 | REFERENCED
18

19            SUPPORTING DOCUMENTS

20  "I": SAN DIEGO COUNTY SUPERIOR COURT HABEAS CORPUS PETITION

21  "II": ORDER BY SAN DIEGO COUNTY SUPERIOR COURT DENYING RELIEF

22

23

24                RESPECTFULLY SUBMITTED,

25

26  4/8/2007

27                JESSE HERNANDEZ

28

# SUPPORTING DOCUMENT "I"

SUMMARY: Superior Court Habeas Petition

1   JESSE HERNANDEZ (K-21116)
2   GW-104-Up , CTF-SOLEDAD (CENTRAL)
    P.O. BOX 689
3   SOLEDAD, CA   93960-0689
4      (IN PRO PER)

5

6

7

8        IN  THE  SAN  DIEGO  COUNTY  SUPERIOR  COURT
9      IN  AND  FOR  THE  STATE  OF  CALIFORNIA

10

11

12

13   IN RE JESSE HERNANDEZ ON H.C.
14      (JESSE  HERNANDEZ - PETITIONER)    CASE NO.
15         —V—                      RE8 PETITION  FOR  WRIT
16   B.CURRY  —  Warden ,et al.          OF  HABEAS  CORPUS
17      (RESPONDENT )               (EVIDENTIARY HEARING REQUESTED)
18

19

20

21

22

23

24

25

26

27

28                         - 1 -

## TABLE OF CONTENTS

COVER PAGE _____ i

TABLE OF CONTENTS _____ ii

TABLE OF AUTHORITIES _____ iii - iv

MC 275 FORM FOR HABEAS CORPUS _____ 1-26

   (VERIFICATION PAGE) _____ ( 26 )

AMENDMENT/SUPPLEMENT TO HABEAS CORPUS ____ 27-56

   (INTRODUCTION) _____ ( 27 )

   (JURISDICTION) _____ ( 28 )

   (VENUE) _____ ( 28 )

   (PARTIES) _____ ( 28 )

   (FACTS : INCORPORATED BY REFERENCE) _____ ( 28 )

   (MEMORANDUM OF POINTS AND AUTHORITIES) ____ (29-54 )

   (CONCLUSION) _____ ( 55 )

   (PRAYER FOR RELIEF) _____ ( 56 )

## EXHIBITS

"A": 2006 PAROLE HEARING TRANSCRIPTS (pages i, ii, 1-74 )

"B": BPT 1005(b) FORM WITH RECOMMENDATIONS ( p. 1/1 )

"C": CDC 128's _____ (p. 1/4 - 4/4 )

"D": POSITIVE WORK REPORTS (1998-2006) _____ ( p. 1/15 - 15/15)

"E": CDC 115 WITH CREDITS RESTORED AS NOTED ___ (p. 1/1 )

"F": AMENDED PSYCH REPORT and other documents __ (p. 1/4 - 4/4 )

VERIFICATION / PROOF OF SERVICE BY MAIL _____ : LAST

[TOTAL PAGES 168 ]

TABLE OF AUTHORITIES                    PAGE(S)

U.S. CONST.

Amend. 1 "establishment" clause _____ 48

Amend. 14 "due process" clause _____ passim

Amend. 5 "witness against self" clause _____ 33


Federal Case Law

Arkansas –v– Oklahoma (1992) 112S.Ct.1046,1060,503US592 __ 43

Biggs –v– Terhune (CA9 Cal.2003) 334 F.3d 910, 2003 DJDAR 8863 __ 54

Cafeteria Workers –v– McElroy (1961) 367 US 886, 81 S.Ct. 1143 ____ 34

County of Sacramento –v– Lewis (1998) 118 S.Ct. 1708, 1716, 523 US 833 __ 39

Daniels –v– Williams (1986) 106 S.Ct. 662, 665, 474 US 332 ____ 31

Evitts –v– Lucey (1985) 105 S.Ct. 830, 838-39, 469 US 388 _____ 53

F.P.C. –v– Transcontinental Gas Pipe Line (1976) 96 S.Ct 579, 582 __ 39

Gillette –v– United States (1971) 91 S.Ct. 828, 836 _____ 48

Greenholtz –v– Inmates of Neb. ... (1979) 442 US 1, 15, 99 S.Ct. 2100 __ 40

Groppi –v– Leslie (1972) 404 US 496, 30 L.Ed 2d 632, 92 S.Ct 582 _____ 34, 54

Hamdi –v– Rumsfeld (2004) 542 US 507, 537, 124 S.Ct. 2633 _____ 31

Irons –v– Warden of C.S.P.-Solano (E.D.Cal.2005) 358 F.Supp. 2d 936,942 __ 34, 44

Lee –v– Weisman (1992) 505 US 577, 587, 112 S.Ct. 2649, 120 L.Ed 2d 1467 __ passim

Liteky –v– U.S. (1994) 114 S.Ct. 1147, 1155, 510 US 540 _____ 49

Martin –v– Marshall (N.D.Cal.2006) __ F.Supp. 2d __ (2006 WL 134A584) __ 42

Morrissey –v– Brewer (1972) 408 US 471, 481, 92 S.Ct. 2593, 2600 _____ 32

Newman –v– Apfel (9ᵗʰ Cir. 2000) 223 F.3d 937, 943 _____ 47

N.L.R.B. –v– Askenazy Property Management Corp. (CA9 1987) 817 F.2d 74 __ passim

Schweiker –v– McClure (1982) 456 US 188, 72 L.Ed 2d 1, 102 S.Ct. 1665 __ 51

Sinaloa Lake Owners Assn –v– City of Simi Valley (9ᵗʰ Cir. 1989)
    (882 F.2d 1398, cert. den. 494 US 1016, 110 S.Ct. 1311, (1990)) _____ 51, 52

Spraic –v– U.S. R.R. Retirement Bd. (CA9 1984) 735 F.2d 1708 _____ passim

Stivers –v– Pierce (9ᵗʰ Cir. 1995) 71 F.3d 732, 748 _____ 36, 52

Superintendent ... –v– Hill (1985) 105 S.Ct. 2768, 472 US 445 _____ 29

Thompson –v– Davis (CA9 Cal. 2002) 295 F.3d 890, 898 _____ 46

Turner –v– Hickman (E.D.Cal.2004) 342 F.Supp 2d 887 _____ passim

Tyson –v– City of Sunnyvale (N.D.Cal.1996) 920 F.Supp. 1054, 1063 __ 52

Waltees –v– Nat. Assn. of Radiation Survivors (1985) 473 US 305,
    (87 L.Ed 2d 220, 105 S.Ct. 3180, 3189) _____ 35

Withrow –v– Larkin (1975) 421 US 35, 95 S.Ct. 1456, 43 L.Ed 2d 712, 728 __ 50

United States –v– Caceres ( ) 59 L.Ed 2d 733, 743 fn 14, 440 US 741 _____ 45

TABLE OF AUTHORITIES CONT.                    PAGE(S)

O'Bremski -v- Maass (9th Cir. 1990) 915 F.2d 418, 422 _____ 49

Howlett By and through Howlett -v- Rose (1990) 110 S.Ct. 2430, 2438 — 54

                California Case Law

In Re John E. Dannenberg (2005) 34 Cal. 4th 1061
     (23 Cal. Rptr. 3d 417) _____ 30

In Re DeLuna (Cal. App. 6th Dist. 2005) 29 Cal. Rptr. 3d 643, 649-50 — 30,31

In Re Eduard Ramirez (Cal. App. 1st Dist. 2001) 114 Cal. Rptr. 2d 381 ___ 53,54

In Re Rosenkrantz (2002) 128 Cal. Rptr. 2d 104, 138, 29 Cal. 4th 616 — 29

In Re George Scott (Cal. App. 1st Dist. 2004) 119 Cal. App. 4th 871,
     (15 Cal. Rptr. 3d 32) _____ 33

In Re Eaenest Smith (Cal. App. 6th Dist. 2003) 114 Cal. App. 4th 343, 371,
     (___ Cal. Rptr. 3d ___ ) _____ 46

In Re Mark Smith (2003) 109 Cal. App. 4th 489, 505,
     (134 Cal. Rptr. 2d 781, 792) _____ 46

Galland -v- City of Clovis (Cal. 2001) 103 Cal. Rptr. 2d 711, 24 Cal. 4th 1003 — 35

Haas -v- County of San Bernardino (Cal. 2002) 119 Cal. Rptr. 2d 341, 346, 356 — 35,36

People -v- Cluff (Cal. App. 1st Dist. 2001) 105 Cal. Rptr. 2d 80, 83 ___ 31

Terhune -v- Sup. Ct. (Whitley) (1998) 65 Cal. App. 4th 864, 872 _____ 30

Walsh -v- Kirby (1974) 118 Cal. Rptr. 1, 8, 13 Cal. 3d 95, 529 P.2d 33 ___ 4n


                Calif. Statutes

§ 2932 (d) [Penal Code] _____ 41
§ 2932 (e) [Penal Code] _____ 41
§ 5011 (b) [Penal Code] _____ 32, 33, 49

             California Code of Regulations

§ 2236 _____ 33
§ 2400 et seq _____ passim
§ 2402 (c) (1) _____ 30
§ 2402 (c) (1) (A) _____ 30
§ 2402 (c) (1) (E) _____ 32
§ 2402 (c) (5) _____ 43
§ 2402 (c) (6) _____ 36, 40
§ 2402 (d) (9) _____ 36, 41
§ 2410 (c) (2) _____ 38
§ 2402 (b) _____ 43
§ 3040 _____ 38
§ 3041 _____ 38
§ 2402 (a) _____ 44
§ 2250 _____ 51

                        OTHER

64 OPS Cal. Atty. Gen. DO6 (1981 WL 126813) _____ 41, 42

                        -iv-

Name JESSE HERNANDEZ

MC-275

Address GW-104-Up, CTF-Central

P.O. Box 689

Soledad, CA 93960 -0689

CDC or ID Number K-21116

## SAN DIEGO COUNTY SUPERIOR

## FOR THE STATE OF CALIFORNIA
(Court)

IN RE JESSE HERNANDEZ

JESSE HERNANDEZ
Petitioner

vs

B. CURRY    Warden, et al
Respondent

PETITION FOR WRIT OF HABEAS CORPUS

No. _____

*(To be supplied by the Clerk of the Court)*

(EVIDENTIARY HEARING REQUESTED)

### INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005] Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev July 1, 2005]

PETITION FOR WRIT OF HABEAS CORPUS

Penal Code, § 1473 et seq.,
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc
www.USCourtForms.com

**This petition concerns:**

☐ A conviction      ☒ Parole

☐ A sentence      ☐ Credits

☐ Jail or prison conditions      ☐ Prison discipline

☒ Other (specify): *Unconstitutional Denial of Parole violating Procedural Due Process*

1. Your name: JESSE HERNANDEZ

2. Where are you incarcerated? CORRECTIONAL TRAINING FACILITY—SOLEDAD (CENTRAL FACILITY) HWY 101 5 mi. N. of Soledad, P.O. Box 689, Soledad, CA 93960-0689

3. Why are you in custody? ☒ Criminal Conviction ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

Attempted Murder w/ premeditation + other factors

b. Penal or other code sections: Pen. Code §§ 187/664

c. Name and location of sentencing or committing court: SAN DIEGO County Superior Court

d. Case number: SCE 167745

e. Date convicted or committed: _____

f. Date sentenced: _____

g. Length of sentence: 7-to-life

h. When do you expect to be released? UNDETERMINED AS TERM-TO-LIFE PRISONER

i. Were you represented by counsel in the trial court? ☒ Yes. ☐ No. If yes, state the attorney's name and address:

William TRAINER

4. What was the LAST plea you entered? *(check one)*

☒ Not guilty ☐ Guilty ☐ Nolo Contendere ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

☒ Jury ☐ Judge without a jury ☐ Submitted on transcript ☐ Awaiting trial

MC-275 (Rev. January 1, 1999)      **PETITION FOR WRIT OF HABEAS CORPUS**      Page two of six

2

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four   For additional grounds, make copies of page four and number the additional grounds in order.)*

Petitioner contends the holding of Superintendent...v-Hill (1985) 472 US 445, 105 S.Ct. 2768 was violated when parole denied by use of factor of non-applicable circumstance of unsuitability. thus, it was arbitrary and capricious to manipulate regulatory restriction contrary to liberty interest in fundamental fairness.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

(1) At Petitioner's Initial Parole Hearing (I.P.H. hereafter), he was denied parole suitability. The Official Record of the I.P.H. is in the I.P.H Transcripts ( I.P.H. Tx's ) — EXH " A "₈

(2) The First reason for parole denial was₈ "That is, first there are multiple victims in seperate incidences." — EXH "A" p.65 ℓ14-15

(3) The one and only circumstance/factor for parole unsuitability as related to multiple victims is in CCR§ 2402 (c)(1)(A); and only to support CCR§2402(c)(1)

(4) The Board of Parole Hearings only has jurisdiction over indeterminate sentences, and Petitioner's term-to-life

* Note: Ground #1 Facts continued at page 4

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

Ground #1 Points and Authorities at pages: 29,30,31

Ground #1  Facts Continued:

(#4 cont.)

sentence for Attempted Willful, Deliberate and Premeditated Murder did not involve more than 1 victim.

(5) The record before the Parole Board only shows the minimum acts necessary to convict, and to this date Petitioner still maintains his innocence.

(6) Nowhere in the record before the Board, in order to support the commitment offense as especially heinous, atrocious or cruel were (1) Multiple victims attacked; (2) Multiple victims injured; or (3) Multiple victims killed.

4

7  Ground 2 ▓▓▓▓▓▓▓▓▓  (if applicable)

Petitioner contends that the use of "motive" to deny parole
violated the Morrissey -v- Beewer (1972) 408 US 471, 481, 92 S.Ct.
2593 holding that procedural protections be followed
which the situation demands.

a  Supporting facts:

(1) According to the I.P.H. Tx's (EXH "A"), the
Second reason for parole denial was:
      "The motive of this crime remains inexplicable
      in that we still don't have a clear understanding
      of why these crimes occurred, except for Mr.
      Hernandez's desire to control Ms. Wolf." -
      EXH "___" p.65 l 18-22.

(2) There is no evidence in the record to establish
anything more than the minimum elements
to convict of the term-to-life offense. As
Petitioner is not admitting/stipulating to any guilt,
he proffers that as convicted there is not one iota of
evidence to prove that the crime occurred in
any manner in which to be "especially heinous,
atrocious, or cruel" within the meaning of
CCR§2402(c).

(3) "Motive", as a parole unsuitability factor is listed

*  Note: Ground #2 Facts continued at page  6

b.  Supporting cases, rules, or other authority

Ground #2 Points and Authorities at pages 32, 33, 34

1   GROUND #2 FACTS CONTINUED:

2   (P3 cont.)

3   in CCR§2402(c)(1)'s Factors to support the

4   "especially heinous, atrocious, or cruel" circumstance

5   in #(E).

6   (4) As a now Final decision by the Board of

7   Parole Hearings, they never even alleged the

8   Commitment Offense as "especially heinous",

9   "especially atrocious", "especially cruel" and

10  in Fact did not point to any Fact about the

11  commitment offense which made him not

12  suitable for parole.

13  (5) Notwithstanding the aforementioned, the panel

14  substantiated an explanation, in an intelligible

15  manner: "[E]xcept for Mr. Hernandez's desire to

16  control Ms. Wolf." Presuming, without admitting

17  the conclusiveness of this rationale: the Board's

18  own statement is opposite their CCR§2402(c)(1)(E)

19  parameter.

20  (6) Petitioner's lawyer, see EXH "A" p.H l 18-26:

21      "He will not be discussing the offense...

22      So he won't be discussing the facts and

23      circumstances around the allegations.

        as they came up back in 1995."

24  (7) Forcing Petitioner to explain motive violates

25  his rights under Pen.Code §5011.

26

27

28

6

7. ▓▓▓▓▓ Ground _3_ *(if applicable)*:

Petitioner contends that the Board's conclusion about limited program is a denial of the "Fundamental Fairness" doctrine as upheld in Walters -v- Nat. Assn. of Radiation Survivors (1985) 473 US 305, 105 S.Ct. 3180, 3189.

a. Supporting facts:

(1) According to the I.P.H. Tx's (EXH "A"), the THIRD reason for parole denial was "The prisoner has, in terms of institutional behavior, programmed in a limited manner while incarcerated." — EXH "A" p.65 l 22-24.

(2) Regarding the "institutional behavior" analysis, the Board's authority extends to CCR § 2402 (c)(6) for unsuitability and CCR § 2402 (d)(9) for suitability.

(3) Petitioner has no Serious Disciplinaries during the time since his life term began.

(4) In EXH "A" p.10 l 18-26 and p.11 l 1-4, the Board acknowledges chronos.

(5) The B.P.H. panel even read into the record an extensive history of program - See EXH "A" p.36 l 27 through p.39 l 13.

(6) Petitioner is effectively a 7-to-life prisoner due to

* Note: Ground # 3 Facts continued at page _8_

b. Supporting cases, rules, or other authority:

Ground #3 Points and Authorities at pages 35, 36

GROUND #3 FACTS CONTINUED:

(P 6 cont.)

immediate conviction. Clearly, he wouldn't have as much PROGRAM as a 15-to-life or 25-to-life prisoner.

(7) Petitioner has developed marketable skills that can be put to use upon release.

(8) The B.P.H. panel pointed to no lack of PROGRAM that makes Petitioner an unreasonable risk to society if released.

(9) On 3/27/06 (EXH "B") the Board panel only checked the box for Get self-help / earn positive chronos and stay discipline free.

(10) Petitioner had prior self-help (Ground 4 infra) and was currently in programs / awaiting programs at time of hearing.

(11) Petitioner has never received any Prison Disciplinary under: CCR § 3314 (a)(3)(G)'s" Failure to meet work or program expectations within the inmates abilities; CCR § 3315 (a)(3)(J)'s" Refusal to perform work or participate in a program as ordered or assigned"; or CCR § 3315 (a)(3)(K)'s" Recurring failure to meet work or program expectations within the inmates abilities when lesser disciplinary methods failed to correct the misconduct."

8

7. ~~Ground~~ Ground __4__ (if applicable):

Petitioner contends that the B.P.H.'s unsuitability rationale
that the record shows "you have not participated in beneficial self-
help programs" [Emphasis Added] is an abuse of power by being arbitrary
as held in County of Sacramento -v- Lewis (1998) 118 S.Ct. 1708, 1716, 523 US 833.

a.  Supporting facts:

(1) According to the I.P.H. TX's (EXH "A"), the
     Fourth Reason for parole denial was :
         " That you have not participated in beneficial
             self-help programs." - EXH "A" p. 66 l 2-3

(2) The only known section of the Board's regulations
     that define Self-Help and Rehabilitative Programs
     is CCR § 2410 (c)(2) dealing with post-conviction
     credit.

(3) Petitioner only has to disprove the Board's Finding
     of " not participated in beneficial self-help
     programs". [Emphasis Added]

(4) In the record before the B.P.H. panel ; See EXH "A" :
         p. 37 l 10 - 27 through p. 38 l 16 - programs
         p. 40 l 16-26 through p. 41 l 11-16 - programs
         p. 50 l 1-9                        - programs
         p. 37 l 1-9                        - assignments
         p. 38 l 18-23                      - assignments

* Note: Ground #4 Facts continued at page __10__

b.  Supporting cases, rules, or other authority:

Ground #4 Points and Authorities at pages 37,38,39 .

1   <u>GROUND #4 FACTS CONTINUED:</u>

2   (P. 4 cont.)

3      P-38 $\ell$ 26 through p. 39 $\ell$ 13     — assignments

4   (5) PARAGRAPH (4) of GROUND 4 disproves the Board's

5     conclussery allegation about "not participated in

6     beneficial self-help PROGRAMS."

7 ▮▮▮▮▮ Ground  5  (if applicable)·

Petitioner contends that the use of a + 8 year old prison disciplinary is beyond the scope of B.P.H.'s authority, of this disciplinary as a parole unsuitability factor, in light of Greenholtz – v – Inmates of Neb. Penal and Corr. Complex (1979) 442 US 1, 15, 99 S.Ct. 2100 and restoration of credits lost by another agency.

a Supporting facts·

(1) According to the I.P.H. Tx's (EXH "A"), the FIFTH reason for parole denial was 8

"There was one serious disciplinary action, a 115, in February of 1998 for Mutual Combat." — EXH "A" p. 66 l 3-5.

(2) This one Serious Disciplinary occurred during Petitioner's determinate term prior to his indeterminate term.

(3) Although Petitioner lost 90 days of credit, his behavior was such that on 12/3/98 the Unit Classification Committee restored all credits lost. [EXH "E" note.]

(4) Notwithstanding the Board's "Decision" statement in Gnd. 5 A(1), supra:

"You have had an exceptional disciplinary history. Since you have been in custody you have had no CDC 128(a)s and only one CDC 115 ... But certainly your having only one 115 in nearly 10 years is

* Note: Ground # 5 Facts continued at page  12

b. Supporting cases, rules, or other authority

Ground # 5 Points and Authorities at pages 40, 41, 42.

GROUND #5  FACTS CONTINUED:

(P 4 cont.)

something that you're to be congratulated for.
And we don't say that in any Kind of mild
way, we're sincere." — EXH "A" p.36 l 11-25

(5) The record before the panel, including their
own statements and including facts associated
with Grounds 3 and 4, show how Petitioner
has shown an enhanced ability to function
within the law upon release.

(6) At the beginning of the Decision (EXH "A" p.65)
the Board's panel concluded that Petitioner posed
an "unreasonable risk of danger to society or
a threat to public safety if released". They then
listed the 115 during their litany of unsuitability
rationale.

(7) Where the B.P.H. lacks any authority to deny credits
based on a CDC 115 that is outside their scope of
punishment factors, it should not have been in
the list of unsuitability criteria.

(8) Petitioner received his credits back, and the
Board refused to modify the decision according to
law during the review period.

12

7 ▓▓▓▓▓ Ground __6__ (if applicable)

Petitioner contends that the B.P.H.'s use of Psych Report that was known to be inaccurate (affecting risk assessment), as a parole unsuitability circumstance, and which was modified to a lower assessment prior to finality of Decision, violated Due Process guarantee to fair decision as held in Arkansas v. Oklahoma (1992) 112 S.Ct. 1046, 502 US 592.

a Supporting facts:

(1) According to the I.P.H. Tx's (EXH "A"), the SIXTH reason for parole denial was: "The psychiatrist's report dated 1/20/06 by Laura Petracek is not totally supportive in that it indicates that within a controlled setting his risk is minimal compared to the average inmate. IF released into the community his violence risk is slightly higher compared to the average citizen."

(2) Nowhere in the Psychiatrist's report was there any conclusion that release would make Petitioner an unreasonable threat of danger to society if released. (Compare CCR § 2402(c)(5) "Psychological Factors....")

(3) In EXH "A" p. 13 ℓ 22 – p. 14 ℓ 8 the Board was put on notice about errors in the Psych Report being corrected via Administrative Remedy process. However, the Board chose to hold the hearing anyway.

\* Note: Ground #6 Facts continued at pages 13, 14.

b Supporting cases, rules, or other authority:

Ground #6 Points and Authorities at pages 13, 14.

GROUND #6 FACTS CONTINUED:

(4) Further, EXH "A" p. 13 l 5-20 explains the importance of psychologist report.

(5) In EXH "A" p. 42, the Board then entered into the record the facts of the evaluation.

(6) Petitioner's lawyer then attempted to correct the record in regards to the Psych Report (EXH "A" p.43 l 21-27 and p. 44 l 1-22). His lawyer then explained the problems with the inaccuracies further (EXH "A" p. 45 l 16-27 to p. 47 l 7). Also, Counsel for Petitioner established for the Board that Dr. Zika was aware of the problems and was trying to get them corrected (EXH "A" p. 59 l 25-27 and p. 60 l 1-2).

(7) After reading the "Decision" (EXH "A" pp. 65 - p. 69 l 7) the Board Panel stated:

   "Counsel did note errors in the psychological report. The panel has taken note of those errors and has asked for a new psychological evaluation to clear up any inconsistencies that might be there." - EXH "A" p. 69 l 7-12

(8) Thus, the Board held a hearing knowing about inaccuracies in the evaluation and used the evaluation to deny parole anyway.

(9) Petitioner's Board Hearing Occurred 3/26/06 according to the Record. It was not final until July 24, 2006. In actuality, it occurred 3/27/06. On April 26, 2006, the new Addendum to the Psych Report was written. Given Petitioner on 5/1/06: "He does not appear to impose any more risk to society than the average citizen."

14

GROUND # 6  FACTS CONTINUED :

(10)  In EXH" A " p.64 , Petitioner requested an
en banc panel to review the record :
     "I further ask that this case go to the
     en banc review before transcript finality
     date." – lines 5-7.

(11)  As the Board is obligated to have the transcripts
done in 30 days after hearing (Pen.Code §3042(b))
they could have shown that the record was
amended before finality in order to show
risk assessment was not correct.

(12)  Now, where the parole hearing transcripts are
part of the public record, where left uncorrected
the Information Procedures Act has been violated.
Also, the public record contains erroneous information.

(13)  The Board refused to postpone the hearing for a new
report which evinces predetermined outcome to
deny parole.

(14)  At each /every hearing the Board is to consider
all relevant and reliable information. Here,
the Board considered and cited to irrelevant and
unreliable information (Psych Report).

7 ~~[redacted]~~ Ground _7_ (if applicable)

Petitioner contends that the B.P.H.'s use of his prior alcohol and
substance abuse is a violation of Due Process, due to the failure
to follow its own procedures (judicially determined) and therefore in
violation of United States v. Caceres (  ) 59 L Ed 2d 733, 743 Fn. 14, 440
US 741, 99 S. Ct. 1465

a. Supporting facts:

(1) According to the I.P.H. Tx's (EXH "_A_"), the
       SEVENTH reason for parole denial was:
          "And significant risk factors and precursors
          to violence are his past alcohol and
          substance abuse and a relapse would increase
          his risk of violence or undo gains he
          has made." — EXH "_A_" p. 66 l 11-15

(2) Petitioner's prior alcohol use is an unchanging factor.

(3) Petitioner's prior substance abuse is an unchanging
       factor.

(4) There is no evidence in the record that Petitioner
       is presently addicted/using alcohol or drugs.

(5) In EXH "_A_" p. 54 l 18-24, Petitioner even has
       plans for sober living.

(6) The Board used this circumstance, as quoted from
       Dr. Petracek's Assessment: it is easier addressed as
       a seperate ground so as to show how individually invalid.

* Note: Ground #7 Facts continued at page _17_.

b. Supporting cases, rules, or other authority

Ground #7 Points and Authorities at pages 15,16,17.

_____

_____

_____

GROUND #7  FACTS CONTINUED:

(7) Notwithstanding the current record of the Board's transcripts, the evidence at trial was entirely devoid of any facts which would substantiate the commitment offense was related to alcohol or controlled substances.

(8) Even the probation report doesn't show that either alcohol or controlled substance(s) as being a contributing factor.

17

7  ~~[redacted]~~ Ground __8__  (if applicable)

Petitioner contends that the B.P.H.'s conclusion that "he still denies any responsibility for his crime" is a predisposition reflecting inability to render fair judgement (due to needed "soul-searching") as held violative of Due Process in Liteky-v-U.S. (1994) 114 S.Ct. 1147, 1155, 510 US 548 as it equates to "bias" or "prejudice".

a. Supporting facts:

(1) According to the I.P.H. TX's (EXH "A"), the EIGHTH reason for parole denial was: "Although he has been disciplinary-free since his incarceration he still denies any responsibility for his crime and this evaluator feels that the inmate needs to do some soul-searching before being considered for release." - EXH "A", p. 66 l 15-20

(2) Petitioner does not have to admit guilt, which should include, minimally, any actions perceived/calculated to imply guilt.

(3) "Soul-searching" is too vague as to have meaning, and some is a total that is undecipherable. Minimally, it has religious connotations.

(4) "Soul-searching" is not a unsuitability/suitability circumstance.

* Note: Ground #8 Facts continued at page 19.

b. Supporting cases, rules, or other authority.

Ground #8 Points and Authorities at pages 48, 49, 50.

GROUND #8 FACTS CONTINUED:

(5) The requirement of "some soul-searching" is a makeweight rationalization to substantiate a parole denial rationale.

(6) Pen. Code §5011(b) is a procedural protection.

7. ▓▓▓▓▓ Ground __9__ (if applicable):

Petitioner contends he was denied his right to an "impartial" panel, as guaranteed in Schweiker -v- McClure (1982) 456 US 188, 72 L. Ed. 2d. 1, 102 S. Ct. 1665, when B.P.H. panel claimed "gains are recent" and need to "maintain gains" to support parole denial.

a. Supporting facts:

(1) According to the I.P.H. Tx's (EXH. " A "), the NINTH reason for parole denial was:

"The prisoner's gains are recent and he must demonstrate the ability to maintain gains over an extended period of time." – EXH. "A " p. 66 l 26 – p. 67 l 3

(2) The record before the B.P.H. panel establishes programs and assignments during his entire incarceration (±10 years).

(3) Petitioner entered CDC on 9/19/06 – EXH "A " p. 1 l 12-13, p. 36 l 5-6

• In 1997, 1998, he participated in Success after Parole. – EXH "A" p. 40 l 22-24.

• Also, he participated in Anger Management around the same time – EXH "A" p. 40 l 25-26, p. 50 l 2-6.

(4) Petitioner's life term (7-to-life) began on September 14, 1999 – EXH "A" p. 1 l 13-14

* Note: Ground #9 Facts continued at pages 21, 22 .

b. Supporting cases, rules, or other authority:

Ground #9 Points and Authorities at pages 51, 52 .

GROUND #9 FACTS CONTINUED:

(5) At Petitioner's Initial classification, he received a total classification score of 63 points. After years of positive program, where he can earn points to be deducted, he now has the mandatory minimum of 19 points due to CDCR's new classification scaling system. Where he could earn up to 8 points per year ~~For satisfactory~~ program and no disciplinary(ies) : 19 points from 63 points establishes his gains <u>are not</u> recent but during entire time of incarceration.

(6) Upon information and belief, and therein alleged, Petitioner's points were at 17 and to go lower before the new system of mandatory 19 was implemented (to make it easier to keep lifers in level 2 without complex overrides, or other offenders out of level 1).

(7) Attached at EXH "<u>C</u>" are copies of chronos that give this Court further data about the following; or which help support referenced data:
- January 1999 Complete Small Engine Repair Program — EXH "A" p. 39 ℓ 9-11 ;
- May 1999 Laudatory Chrono - EXH "A" p. 37 ℓ 1-3 ;
- October 1999 Laudatory Chrono - EXH "A" p. 37 ℓ 4-6 ;
- July 2000 Laudatory Chrono - EXH "A" p. 38 ℓ 20-23
- 2002 Completed Clerk Training - EXH "A" p. 39 ℓ 11-13
- June 2004 General Chrono Receiving Release
- September 2004 (Positive work Chrono) - EXH "A" p. 37 ℓ 6-8
[cont.]

21

GROUND # 9 FACTS CONTINUED:

(P 7 cont.)

- August 2005 Work Chrono      — EXH "A" p. 37 l8-9
- September 2005 Complete 12 week Program — p. 37 l10-11, EXH "A"
- December 2005 Culinary Chrono — EXH "A" p. 38 l 18-20
- January 2006 Work Chrono      — EXH "A" p. 38 l26-27, p. 39 l1-2
- Excellent Work Reports (101's) 2006

(8) Also, as the Board considered All Relevant, Reliable Information about Petitioner, they must have also reviewed the Work Reports/Chronos in EXH "D".

(9) The evidence before the B.P.H. disproves their conclusory and vague opinion that "Petitioner's Gains are recent". Petitioner's Gains are continuous.

(10) There is no evidence in the record which would support that Petitioner wouldn't maintain his Gains if paroled.

7 ████ Ground __10__ *(if applicable)*

Petitioner contends that the rationale used by the Parole Board to impose multi-year denial was in violation of the Evitts v. Lucey (1985) 105 S.Ct. 830, 838-39, 469 US 388 holding that even discretionary actions must comply with due process, thus, reasons used are invalid as proved violative of other U.S.S.Ct. holdings.

a  Supporting facts:

(1) Notwithstanding the 9 aforementioned reasons (i.e. Ground 1-9 #(1) of each, the Parole Board also gave Petitioner a multi-year denial (i.e. 2 years). For purposes of clarity Petitioner will call the multi-year denial the 10th reason to deny parole.

(2) According to the I.P.H. Tx's (EXH "A "), the 10th reason consisted of 8 sub-reasons that encompassed every reason to deny parole.

(3) For purposes of this Ground, Petitioner has created Chart A, for an At-a-Glance review:

| CHART A | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Denial Ground | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| Multi-Year Ground | 1 | 2 | 3 | 5 | 4 | 6 | ⁷⁄₆ | 7 | 8 |

(4) Specifically, the 8 sub-reasons supporting Multi-year denial are as follows as excepted from EXH "A " p.67 l 7-26 / p.68 l 1-20 8

* NOTE 8 Ground #10 Facts continued at page __24__.

b  Supporting cases, rules, or other authority:

Ground #10 Points and Authorities at pages 53,54.