**EXHIBIT 4**

IN THE SUPREME COURT OF CALIFORNIA

# S154854

IN RE JESSE HERNANDEZ
JESSE HERNANDEZ
(PETITIONER)

CASE NO.

-v-

$\left( \dfrac{D\ 050643}{4^{TH}\ Dist.\ Ct.\ of\ Appeals} \right)$

B. CURRY, WARDEN (A), et al
(Respondent(s))

$\left( \dfrac{SCE\ 167745}{SAN\ DIEGO\ COUNTY\ CASE\ \#} \right)$

### FILED WITH PERMISSION

PETITION FOR REVIEW
After Decision by the Court of Appeal
Fourth Appellate Dist.-Div. 1
Filed: 7/17/2007

[EVIDENTIARY HEARING REQUESTED]

SUPREME COURT
FILED

AUG 7 - 2007

Frederick K. Ohlrich Clerk

DEPUTY

RECEIVED

JUL 3 0 2007

CLERK SUPREME COURT

JESSE HERNANDEZ
CDCR NO. K-21116
GW-104-Up, CTF-Central
P.O. Box 689
SOLEDAD, CA 93960-0689
(IN PRO PER)

i

1       TABLE OF CONTENTS       PFR PAGE(S)

2   COVER PAGE _____ i

3   TABLE OF CONTENTS _____ ii

4   TABLE OF AUTHORITIES _____ iii - iiiii

5   PETITION FOR REVIEW / INTRODUCTION _____ 1

6   ISSUES PRESENTED FOR REVIEW (QUESTIONS PRESENTED) 2

7   NECESSITY FOR REVIEW _____ 3

8   STATEMENT OF FACTS _____ 4-7; 12-13; 19-21; 26-28; 31

9   ARGUMENT / POINTS AND AUTHORITIES ____ 8-11; 14-18; 22-25; 29-31; 32

10  CONCLUSION _____ 33

11  APPENDIX "A" (4TH Dist. Court of Appeals Order) _____ A: 1-5

12  APPENDIX "B" (SAN DIEGO COUNTY SUPERIOR COURT ORDER __ B: 1-8

13  VERIFICATION / PROOF OF SERVICE _____ LAST

14                 (OVERALL TOTAL = 51)

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ii

TABLE OF AUTHORITIES                    PAGE(S)

1

2  U.S. CONST. AMEND. XIV ("DUE PROCESS") _____ 107,23,30

3  Cal. Const. Art. I. Sec. 7 ("DUE PROCESS") _____ 10,11

4                    FEDERAL CASES

5  DANIELS -V- WILLIAMS (1986) 106 S.Ct. 662, 665, 474 US 332 __ 16

6  EVITTS -V- LUCEY (1985) 105 S.Ct. 830, 838-39, 469 US 388 ___ 17-18

7  GILL -V- AYERS (9TH CIR 2003) 342 F3d 911, 920 _____ 23

8  GOOD SAMARITAN HOSP. -V- SHALALA (1993) 113 S.Ct. 2151, 2161,
9      508 US 403 _____ 25

10 HAMDI -V- RUMSFELD (2004) 542 US 507, 124 S.Ct. 2633 ____ 15

11 IRONS -V- CAREY (9TH CIR. Cal 2007) __ F.3d __ Filed 3/6/07 __ 24

12 POWELL RIDGE COAL CORP. -V- UNITED MINE WORKERS (1945)
13     325 US 161, 89 L.Ed 1534, 65 S.Ct. 1063 reh'g den. _____ 11.
   LITEKY -V- U.S. (1994) 145 Ct. 1147, 1155, 510 US 540 _____ 32
14 MENDENHALL -V- NATIONAL TRANSP. SAFETY BD. (9TH CIR. 1996)
       92 F3d 871, 874 _____ 11,25.
15 O'BREMSKI -V- MAASS (9TH CIR. 1990) 915 F.2d 418, 422 ____ 32
   PAULEY -V- BETHENERGY MINES, INC. (1991) 111 S.Ct. 2524, 2535,
16     501 US 681 _____ 25

17 PELTIER -V- WRIGHT (9TH CIR. 1994) 15 F3d 860, 862 _____ 16

18 RICE -V- COLLINS (2006) 546 US __ , __ US __ , slip op. P. 7-8 __ 14

19 ROSE -V- LUNDY (1982) 71 L.Ed 2d 379, 387 _____ 14

20 SIMS -V- ROWLAND (9TH CIR 2005) 414 F3d 1148, 1152 cert. den.
       126 S.Ct. 802 _____ 22.
   STIVERS -V- PIERCE (9TH CIR. 1995) 71 F3d 732 _____ 32
21 SUPERINTENDENT __ -V- HILL (1985) 86 L.Ed 2d 356, 472 US 445,
       105 S.Ct. 2768 _____ 15, 16

22 TAYLOR -V- MADDOX (9TH CIR. 2004) 366 F.3d 992, 999 ____ 14, 29.

23 UNION FLIGHTS, INC. -V- ADMINISTRATIVE F.A.A. (9TH CIR. 1992)
24     957 F.2d 685, 688 _____ 11
   VASQUEZ -V- HILLERY (1986) 474 US 254, 88 L.Ed 2d 598, 605 ___ 14

25 WALTERS -V- Nat. Assn. of Radiation Survivors (1985) 473 US 305,
       105 S.Ct. 3180, 3189 _____ 18

26 WILLIAMS -V- TAYLOR (2000) 120 S.Ct. 1495, 1519-20, 529 US 362 _ 14, 15

27 YARBOROUGH -V- ALVARADO (2004) 124 S.Ct. 2140, 2149 _____ 23

28

iii

TABLE OF AUTHORITIES CONT.                PAGE(S)

CALIFORNIA CASES

IN RE DANNENBERG (Cal. 2005) 34 Cal. 4TH 1061, 23 Cal Rptr 3d 417 ——— 8

IN RE DeLuna (Cal App 6TH Dist. 2005) 24 Cal Rptr 3d 643, 649-50 ——— 29

In Re Edward Ramirez (Cal. App. 1st. Dist. 2001) 94 Cal App. 4TH 549,
          114 Cal. Rptr 2d 381 ————————————— 8, 17

In Re Earnest Smith (Cal. App. 6TH Dist. 2003) 114 Cal. App 4TH 343, 360—30

In Re Weider ( Cal. App. 6TH Dist. 2006) 52 Cal Rptr 3d 147, 161 ——— 7

IN RE CHRISTOPHER CAPISTRAN (Cal. App. 2nd Dist. 2003) 2003 DAR 9237, 9239—17

Topanga Assn. Scenic Com. ~ County of Los Angeles (Cal. 1974)
          113 Cal. Rptr 836, 842, 111 Cal. 3d 506 ———————— 11

STATUTE

Penal Code § 5078 ——————————————————— cited

Gov. Code §§ 11340.5, 11342.600 ———————————— cited

CALIF. CODE OF REGULATIONS
(TITLE 15)

§ 2402 (c)(1) ——————————————————————— 8

§ 2402 (c)(1)(A) ————————————————————— 8

OTHER

15 OPS. ATTY GEN 53 ——————————————————— cited

CAL RULES OF COURT   RULE 8.500(b)(1) —————— 32

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

JESSE HERNANDEZ
(PETITIONER)

-v-

B. CURRY, WARDEN (A), et al
(RESPONDENT(S))

CASE NO.

( D 050693 )
4TH Dist. Ct. of Appeals

( SCE 167 745 )
SAN DIEGO COUNTY CASE #

PETITION FOR REVIEW.

TO THE HONORABLE RONALD M. GEORGE, CHIEF
JUSTICE, AND TO THE HONORABLE ASSOCIATE
JUSTICES OF THE SUPREME COURT OF THE
STATE OF CALIFORNIA 8

JESSE HERNANDEZ, PETITIONER, HEREBY PETITIONS THIS
HONORABLE COURT FOR REVIEW IN THE ABOVE ENTITLED MATTER
AFTER DECISION RENDERED BY THE COURT OF APPEAL OF
THE STATE OF CALIFORNIA, 4TH Appellate District, DIV. 1
ON July 17 , 2007, affirming the San Diego County
Superior Court's order that denied Habeas Corpus relief.
A copy of the Court of Appeals' Order is attached
at Appendix "A". The Superior Court Order is attached at
Appendix "B".

PFR 1

ISSUES    PRESENTED    FOR    REVIEW
(QUESTIONS    PRESENTED)

1.

Has the Appellate Court furthered
the Parole Board's and Superior Court's
abuse of discretion in denying
Parole suitability.

2.

Did the Superior Court / Appellate
Court rule in a manner contrary
to" U.S.S.ct. holdings?

3.

Were the lower court rulings
an "unreasonable application"
of controlling U.S.S.ct. authorities?

4.

Is petitioner entitled to relief
when the "clear and convincing" evidence
disproves the lower judiciary?

5.

Was the Appellate Court allowed
to disregard the controlling law
cited by petitioner = to affirm Board's
denial of parole?

PFR 2

1    <u>NECESSITY FOR REVIEW</u>

2    The scope of review is appropriate under California

3    Rules of the Court. Rule 8.500(b)(1)'s clause of "when

4    necessary to secure uniformity of decision or to

5    settle an important question of law" in these issues

6    presented.

7    The importance of these issues is demonstrated by

8    the need for: (1) The Calif. Judiciary to accept the U.S. Const.

9    cases as supreme law of the land; and (2) For the Calif.

10    Judiciary to properly apply ~~state~~ federal cases in harmonized manner.

11    Uniformity of the law is important as Calif. Court

12    are minimally bound by U.S.S. Ct. holdings (see, e.g. ~~People v. Trujillo~~

13    (Cal. 2006) 2006 DJDAR 16081, 16083) and laws of this state when

14    not in conflict therewith. The cited controlling principles

15    of law are binding when they are not vague or ambiguous.

16    Further, this case provides the opportunity ~~for~~ this Court

17    to analyze attempted murder case, with absolutely no

18    injury, against criteria normally used against murder

19    cases in denying parole. Also, it will enable proper review

20    of the Appellate Courts reasoned denial to lower court

21    grounds not being a summary 1-line denial.

22    Finally, the disputed decisions by San Diego County and

23    the 4TH District Court of Appeals have erroneously decided

24    Petitioner's case in a manner that violates 28USCS 2254(d)(1+2)

25    and California law.

26    Thus, it is necessary to Grant Review to protect Petitioner's

27    14TH Amendment Due Process! rights, as related to parole

28    hearing criteria, as well as Constitutional rights in California.

1  GROUND 1 STATEMENT OF FACTS:

2  [1] In Petitioner's Superior Court Petition, he raised

3      10 Grounds. In summary, they were:

4      ONE - Board's allegation of multiple victims was illegally
       used;

5      TWO - Use of "motive" was illegally used;

6      THREE - Board's allegation of limited program was a violation
       of fundamental fairness;

7      FOUR - Board abused power when alleging "you have not
       participated in beneficial self-help;

8

9      FIVE - Board illegally used a serious prison disciplinary
       to deny parole;

10      SIX - Board's knowing use of inaccurate "psych report" to
       deny parole violated right to a fair decision;

11      SEVEN - Board illegally used prior alcohol and substance
       use to deny parole;

12

13      EIGHT - Requirement of "soul-searching" violated
       Penal Code § 5011 and "establishment clause";

14      NINE - BOARD WAS NOT IMPARTIAL WHEN CLAIMING
       GAINS WERE RECENT; and

15

16      TEN - MULTI-YEAR PAROLE DENIAL BASED ON ILLEGAL
       CIRCUMSTANCES / FACTORS VIOLATED MULTIPLE
       14TH Amendment Due Process holdings by U.S.S.Ct.

17

18  [2] The Superior Court refused to apply applicable state law

19      to the claims alleged.

20  [3] Throughout the 8 page ORDER denying relief (e.g. page 3 l.

21      27; page 8 l.15) the Court properly identified that relief could be

22      granted for "abuse of discretion".

23  [4] In denying relief, the lower court's order it was

24      denied by: "Petitioner has failed to state a prima facie

25      case for relief." - page 4 l 3.

26  [5] The Court's order cited to the "some evidence" test and claimed

27      there was "no showing" Board acted arbitrarily / capriciously.

28

5

GROUND 1 STATEMENT OF FACTS CONTINUED:

6] The Superior Court correctly affirmed no CCR § 2402 (c)(1) Finding (order page 5 ℓ 1-3); however allowed Board to use Factors of said circumstance to deny parole (e.g. multiple "victims" and "motive".

7] The lower court's order claims the Board did consider "permissible Factors" as alleged in Title 15.

8] The lower court's reasoned opinion can be fairly summarized as follows:

— P.1 ℓ 19-27   8 Commitment Factors;

— P.1 ℓ 28 — P.2 ℓ 3   8 Where he is housed, date of parole hearing, length of denial and Date Hearing was final;

— P.2 ℓ 4-28, P.3 ℓ 1-10   8 Summary of Grounds raised as Court interpreted;

— P.3 ℓ 11-15, P.3 ℓ 16-28, P.4 ℓ 1-2   8 Court's belief of standard of Review "some evidence";

— P.4 ℓ 8-27, P.5 ℓ 1-28 P.6 ℓ 1-5   8 CCR Title 15 unsuitability/suitability criteria (CCR § 2402 (c, d));

— P.6 ℓ 7-8   8 Finding that Board did properly consider factors;

— P.6 ℓ 8-22   8 Adequacy of Board's use of multiple victims;   [Gnd.1]

— P.6 ℓ 23-28, P.7 ℓ 1-10   8 Adequacy of Motive;   [Gnd.2]

— P.7 ℓ 11-23   8 Adequacy of alleged limited program/self-help   [Gnd.3 ₊]

— P.7 ℓ 24-28, P.8 ℓ 1-3   8 Use of Prison Disciplinary   [Gnd.5]

— P.8 ℓ 10-16   8 Multi-year Denial   [Gnd.10]

9] Nowhere did the Superior Court address lower claims (Grounds) 6-9. However, the court did state:
"As pointed out in the present petition there is no disputing that there are some Factors which are Favorable to Petitioner's suitability for parole." — P.8 ℓ 4-5

: PFR5

GROUND 1 STATEMENT OF FACTS CONTINUED:

[10] Referring to [9] supra, the Court's statement is ambiguous as to whether it envelopes the Grounds of Six through Nine, as favorable or at least not unsuitability criteria.

[11] As a logical inference, wherein the Court claims in the Order as supporting the Board, then what the Court didn't comment on didn't support the Board.

[12] Factors not supporting the Board shouldn't be unsuitability criteria for multi-year denial. Note: Unappealed findings of fact, are deemed true, and should be barred by res judicata / collateral estoppel in future.

[13] The lower court claims the Board could consider "he failed to participate in beneficial self-help" but then states the board's alleged use of limited self-help. Here, the court is substituting its judgement for the board rather than judging what the board stated. The lower court shouldn't be able to conclude "Failed to participate in any meaningful self-help" when Petitioner has "self-help".

[14] The 8 year old prison disciplinary is now used by the Court to justify parole denial when previously punished and time loss restored.

[15] Where the Court's actions affirm a multi-year denial on Grounds inferred to be invalid, the multi-year denial is invalid.

[16] Where Petitioner has been punished for other offense he was convicted, alleged "multiple-victims" is illegal.

<u>STATEMENT OF FACTS</u>

( 1. cont.)

[17] The California Judiciary shouldn't allow the Board to resentence Petitioner on crimes already sentenced and served. Where Pen Code §3041 does recognize the "timing and gravity" of the current and/or current + past offenses : the use of past offenses being an unsuitability factor should only be if other terms concurrent and not consecutive to life term. Otherwise, this puts the Board into the position of violating received sentences. For example: An attempted murder receives a weapon enhancement (a crime): how long could the board enhance the inmate for the same act? Further: where the legislature has proscribed punishment for other crimes (eg. burglary — 2-4-6) and he serves that time before a life term, why does the Parole Board get to add more time? Any regulation beyond scope of a statute is invalid. It is necessary here to direct this Court to the case of <u>In Re Weider</u> (Cal. App. 6TH Dist. 2006) 52 Cal Rptr 3d 147, **161**, 2006 DJDAR 15795:

"Appellant points out that there is also evidence that multiple victims were injured (§2402, subd. (c)(1)(A).) True, but again, the question is whether that evidence supports a finding that the crime was more violent or vicious than minimally required C. J"

~~Conclusively, multiple victims~~ relates ~~to life term~~. Here ~~it is~~ there is no evidence of multiple victims ~~for life crime~~.

MEMORANDUM OF POINTS AND AUTHORITIES

1.

Petitioner contends that the lower court abused its discretion in denying Habeas Corpus Relief, when ruling against Petitioner's claims, as violative of California law.

Applicable today, any administrative agency's decision cannot be sustained if an "abuse of discretion". This includes the arbitrary and capricious standard being synonymous (see, e.g. In Re Edward Ramirez (Cal. App. 1st Dist. 2001) 94 Cal App 4th 549, 114 Cal Rptr 2d 381, reversed on other grounds by In Re Dannenberg (Cal. 2005) 34 Cal 4th 1061, 23 Cal Rptr 3d 417. Simply put, if the administrative agency's actions were arbitrary, capricious, lacking basis in fact or contrary to law: courts must vacate the agency's actions.

Here, the Board violated law by using CCR §2402(c)(1)(A)'s "multiple victim criteria" factor without ever alleging the CCR §2402 (c)(1) "circumstance". This was likened to finding a Pen. Code §190.2 "special circumstance" when a defendant isn't even charged with 1st degree murder. All other property crimes had no victim as they were not crimes against persons. Also, punished for these previously.

Secondly, the Board used another factor (i.e. CCR §2402(c)(1)(E)) to support CCR §2402(c)(1): when there was no evidence to allege the circumstance of any CCR §2402(c)(1) formulation. Here, this was beyond the scope of regulatory language and a violation of California Administrative Procedures Act (hereafter APA) as supported by Government Code §§ 11340.5 and 11342.600, passim.

9

MEMORANDUM OF POINTS AND AUTHORITIES CONTINUED

(1 Cont.)

Third of all, with complete disregard to Petitioner's length of incarceration (±10 years), the Board used its mechanical formula of alleging a limited program. Because Petitioner is only convicted of Attempted Murder, his Initial Parole Hearing was to be scheduled after 6 years from the life term beginning. A second degree murderer's hearing would be around 9 years and a 1st degree murderer's would be around 15 years 8 months. The evidence in the record belies the alleged "limited program" of positive institutional behavior in perspective.

Fourthly, contrary to the Board's rote opinion about beneficial self-help lacking: where their own regulations specify what self-help is, by adopting other regulations by reference, and those criteria are met, the Board has obviously ignored what the law makes relevant. The lower court can't affirm none when existent.

Fifthly, the Board's use of one minor serious prison disciplinary; which Petitioner was congratulated for and laudatorily praised for keeping limited, and being ±8 years old at time of hearing was illegally used to deny parole. Especially as time should have mitigated it. His time was reviewed by the Executive Branch for the disciplinary, which did not occur during life term, so Board had no authority to even go outside scope of law.

Sixthly, the Board Panel knowingly refused to hold a hearing with a corrected Psychological Evaluation. The Board refused to look at the corrected report during 120 day review period and refused to have en'banc panel review the correctness

MEMORANDUM OF POINTS AND AUTHORITIES CONTINUED

(1 Cont.)

Seventh, the Board refused to apply controlling California law, as established by the California Judiciary by using prior alcohol/substance abuse as unsuitability criteria. Also the record was devoid of evidence as this being a contributing factor.

Eighth of all, the Board blatantly denied parole because they believed Petitioner needed to conduct some "soul-searching". Not only did this violate the establishment of religion doctrines as held by U.S.S.Ct but impliedly mandate that Petitioner must admit guilt for his life term offense : a violation of statutory law.

Ninth: the Board reiterated, by their mechanistic formula, that Petitioner's gains are recent. Since his incarceration, Petitioner has constantly and consistently made gains

Finally, to justify its overall multi-year denial, the Board's panel recited every used reason for denial itself: thus magnifying their own illegal actions all over again. NOTE: Infered invalidity of reasons 6-9 to deny parole.

At Petitioner's parole consideration hearing he was guaranteed the right to Fundamental Fairness, by a panel free from bias or prejudice, and a hearing which would comply with all tenets of DUE PROCESS. Pen Code §5078 mandated Board adhere to Adult Authority standards and 15 OPS Atty Gen 53 has clearly excepted Board's actions that are not exercised with court interpretations.

1  MEMORANDUM OF POINTS AND AUTHORITIES CONTINUED
   (1 Cont.)

2  Harper v Virginia Dept. of Taxation (1993) 113 S.Ct. 2510, 2520, 509 US 86

3  (State law may provide relief beyond demands of Federal due process but under

4  no circumstances may it confine Petitioner's to a lesser remedy).

5  Thus, state courts should clearly understand "abuse of discretion"

6  as Petitioner relies. Union Flight, Inc. v Administrative F.A.A.

7  (9th Cir. 1992) 957 F.2d 685, 688 (Administrative agency is not able to

8  articulate new principles if action would be abuse of discretion). Also,

9  Mendenhall v National Transp. Safety Bd. (9th Cir. 1996) 92 F.3d 871, 874:

10     "There is an abuse of discretion when an agency's decision is
11     based on erroneous conclusion of law or when the record
       contains no evidence on which it could have rationally
12     based that decision. ... A finding that an agency's position
       was substantially justified when the agency's position
13     was based on violations of the Constitution, federal
       statute or the agency's own regulations constitutes an
14     abuse of discretion."

15  Here, Petitioner has alleged and proven violations of both the

16  Constitution and the Board's own regulations.

17  Jewell Ridge Coal Corp. v United Mine Workers (1945) 325 U.S. 161,

18  89 L.ed. 1534, 65 S.Ct. 1063 reh'g den. 325 US 897, 89 L.ed 2007, 65 S.Ct 1550

19  (no weight can be attached by the court to an administrative

20  interpretation which is legally untenable).

21  Topanga Assn Scenic Com. v County of Los Angeles (Cal. 1974)

22  113 Cal Rptr 836, 842, 11 Cal 3d 506:
       "As stated by the United States Supreme Court the "accepted ideal is
23     that 'the orderly functioning of the process of review requires
24     that the grounds upon which the administrative agency acted be
       clearly disclosed and adequately sustained ... a findings
25     requirement serves to conduce the administrative body to draw
       legally relevant subconclusions [.] (Emphasis Added, E.A. hereafter]
26
27  Here, in violation of Petitioner's state due process rights, the Board's

28  decision must be vacated.

13

GROUND 2 STATEMENT OF FACTS:

[1] Petitioner raised 10 federalized grounds to the San Diego County Superior Court. Each of the grounds the lower courts order addressed are as follows:

| GROUND | | CASE(S): |
|--------|---|----------|
| ONE | : | SUPERINTENDENT .... -V- HILL (1985) 472 US 445 |
| TWO | : | MORRISSEY -V- BREWER (1972) 408 US 471 |
| THREE | : | WALTERS -V- NAT. ASSU. OF RADIATION SURVIVORS (1985) 473 US 305 |
| FOUR | : | COUNTY OF SACRAMENTO -V- LEWIS (1998) 118 S.Ct. 1708 |
| FIVE | : | GREENHOLTZ -V- INMATES OF NEB. PENAL AND CORR. COMPLEX (1979) 442 US 1 |
| TEN | : | EVITTS -V- LUCEY (1985) 105 S.Ct. 830 |

[2] Of the 10 grounds presented, the following were not addressed by the lower court.

| SIX | : | ARKANSAS -V- OKLAHOMA (1992) 112 S.Ct. 1046 |
| SEVEN | : | UNITED STATES -V- CACERES ( ) 59 L.Ed.2d 733, 743 |
| EIGHT | : | LITEKY -V- U.S. (1994) 114 S.Ct. 1147 |
| NINE | : | SCHWEIKER -V- McCLURE (1982) 456 US 188 |

[3] In the Superior Court's order, citing California law, came to a factual conclusion opposite the legal doctrines cited on the grounds answered.

[4] On the grounds (6-9) not answered, the order was clearly "Contrary to" U.S.S.Ct. holdings.

[5] The overall resulting prejudice now suffered is ~~still allowing the parole board's legal findings to be~~ illegally imposed.

19

GROUND 2. STATEMENT OF FACTS CONTINUED:

[6] In fact, the authorities relied upon by the lower court's order do not address the legal merits of the Constitutional violations alleged.

[7] It is conceded that the lower court's order did use the "some evidence" analysis; however, the reasoned opinion was even opposite that constraint on judicial review.

[8] Upon information and belief and thereon alleged, the lower court's order was subterfuge to evade the federal questions.

15.

1  MEMORANDUM OF POINTS AND AUTHORITIES CONTINUED

2  (PREFACE TO GROUNDS 2-4 OF APPELLATE REVIEWS /FEDERAL STANDARD OF REVIEW)

3  Notwithstanding how Petitioner has alleged abuse of discretion by

4  the lower court in Ground 1, under state standards, he PROFFERS

5  how the lower court's order violated 28 USC § 2254 (d)(1,2):

28 USC § 2254 (d)(1)

6  Williams -v- Taylor (2000) 120 S.Ct. 1495, 1519-20, 529 US 362 holds:

7  "First, a state court decision is contrary to this Court's

precedent if the state court arrives at a conclusion opposite

8  to that reached by this Court on a question of law...."

9  [A] state-court decision involves an unreasonable

application of this Court's precedent if the state court

10  identifies the correct governing legal rule... but unreasonably

11  applies it to the facts .... [or] a state-court decision

also involves an unreasonable application of this Court's

12  precedent if the state court either unreasonably extends

a legal principle... where it should not apply or

13  unreasonably refuses to extend that principle to a new

14  context where it should apply." [Emphasis Added (E.A.)]

28 USC § 2254 (d)(2)

15

16  Rico -v- Collins (2006) 546 US ____, ___ US ___ slip opinion 7-8:

17  "[W]hether a state court errs in determining the facts is a

18  different question from whether it errs in applying the law."

19  Taylor -v- Maddox (9th Cir. 2004) 366 F.3d 992, 999 (unreasonable

20  determination of the facts in light of the evidence presented

21  presumed correct unless rebutted by "clear and convincing"

22  evidence). Rose -v- Lundy (1982) 71 L.Ed 2d 379, 389 (state courts

23  equally bound to guard and protect U.S. Const. Rights).

24  Thus, State Appellate Judiciary now presented the

25  further ability to review Federal Questions, cf Vasquez

26  -v- Hillery (1986) 474 US 254, 88 L.Ed 2d 598, 605.

27

28

MEMORANDUM OF POINTS AND AUTHORITIES CONTINUED

2

Petitioner contends that the lower
courts refusal to grant Habeas
Corpus relief was "contrary to" controlling
U.S. Supreme Court holdings as applicable
via 14th Amendment's "Due Process" Clause, when
denying liberty interest in parole by
affirming Parole Board's decision.

In the order denying relief the Court stated: "The Board's
decision should not be disturbed unless it has acted arbitrarily
or capriciously. Particular deference must be accorded to
the Board's factual determinations, which need only be
supported by some evidence." Here, the lower court
has clearly analyzed that the Board's standard of
review is "some evidence".

Here the state court has reached a conclusion (as related
to some evidence) that is opposite Hamdi -v- Rumsfeld
(2004) 542 US 507, 124 S.Ct. 2633: "[W]e have utilized the
"some evidence" standard in the past as a standard of review,
not a standard of proof. [E.A.] Therefore, "some evidence" as
used by the Board, according to the Superior Court, is a
wrongful interpretation as established by questions of law.

Further, Williams -v- Taylor, supra, at p. 1520:
"A state-court decision will certainly be contrary
to our clearly established precedent if the state
court applies a rule that contradicts governing
law set forth in our cases."
Here, deference cannot (and shouldn't) be paid to the lower
courts order when the legal conclusion is opposite Superintendent
-v- Hill (1985) 86 L.Ed.2d 356, 472 US 445, 105 S.Ct. 2768.

1  MEMORANDUM OF POINTS AND AUTHORITIES CONTINUED

2  (2 Cont.)

3  In Superintendent --- v- Hill, supra, the HIGH COURT went onto

4  establish:

5  "Instead, the relevant question is whether there is any
   evidence in the record that could support the

6  conclusion reached ... The fundamental fairness
   guaranteed by the Due Process Clause does not require

7  courts to set aside decisions ... that have some

8  basis in fact." [E.A.]

9  Here, there can be no "fundamental fairness" when the

10 Board and lower courts affirmance violate U.S.S.Ct. holdings.

11 Peltier -v- Wright (9th Cir. 1994) 15 F.3d 860, 862 reasoned:

12 "[W]e are bound by the state's construction
   except when it appears that its interpretation

13 is an obvious subterfuge to evade the consideration
   of a federal issue."

14

15 Because the Board of Parole Hearings has no standard of

16 evidence" which the hearing is conducted; Petitioner showed

17 how the "unsuitability" reasons violated tenets established by

18 the HIGH COURT.

19 Minimally, the Board's actions denying Petitioner parole

20 were arbitrary and capricious and cannot meet the "fundamental

21 fairness" requirements of the "some evidence" test when violating

22 binding procedures. Daniels -v- Williams (1986) 106 S.Ct. 662, 665,

23 474 US 332: "By requiring the government to follow appropriate

24 procedures when its agents decide to "deprive any person of

25 life, liberty, or property," the Due Process Clause promotes

26 fairness in such decisions.

27 Here, where laws are violated, there was no "fundamental fairness"

28

MEMORANDUM OF POINTS AND AUTHORITIES CONTINUED

(2 Cont.)

The Decision, by the parole Board, was required to reflect "an individualized [and legally adequate] consideration of all other factors [related] relevant to parole suitability." (In Re Rosenkrantz, supra, 29 Cal. 4ᵀᴹ at p.p. 682-683)"—as cited from In Re Christopher Capistran (Cal.App. 2nd Dist. 2003 DAR 4237, 4239).

In Re Edward Ramirez (Cal.App. 1st Dist. 2001) 114 Cal.Rptr 2d 381, reversed in part on another ground by In Re Dannenberg (Cal. 2005): "The United States Supreme Court has made it clear that the "some evidence" standard discussed in Hill is only one aspect of judicial review for compliance with minimum standards of due process. In Edwards-v- Balisok (1997) 520 US 641 ... The court held that the scope of judicial review ... is not so cramped. Even the minimum due process standards applied to prison disciplinary hearings are not so lax as to let stand the decision of a biased hearing officer who dishonestly suppresses evidence of evidence." (Id. at p. 647) The court explained that the "some evidence" standard applies only to questions of evidentiary sufficiency. It is an additional requirement of due process, not a substitute for other established due process requirements. (Id. at p. 648)." [E.A.]

It is evident by the Superior Courts' order, that it has ignored the constitutional allegations of the Board's actions being in violation of the relied upon U.S.S.Ct. holdings. This violated Petitioner's right to Due Process.

Evitts-v-Lucey (1985) 105 S.Ct. 830, 838-39, 469 US 388: "[A] State has great discretion in setting policies governing parole decisions, but it must nonetheless make those decisions in accord with Due Process Clause [cites omitted]. In short, when a state opts to act in a field where its action has significant discretionary elements, it must nonetheless act in" [Cont.]

1   MEMORANDUM OF POINTS AND AUTHORITIES CONTINUED

2   (2 cont.)

3   accord with dictates of the Constitution — and in particular
4   in accord with the Due Process Clause."

5   Walters -v- Nat. Assn. of Radiation Survivors (1985) 473 US 305,
6   87 L ed 2d 220, 105 S. Ct. 3180, 3189:

7   "[F]undamental fairness of a particular procedure does not
8   turn on the result obtained in any individual case; rather,
    procedural due process rules are shaped by the risk
9   of error inherent in the truth-finding process as
    applied to the generality of cases, not rare exceptions."

10  Here, the Superior Court ruling was "contrary to" all
11  controlling holdings alleged.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

·PFR 18···

GROUND 3 STATEMENT OF FACTS:

[1] Petitioner raised 10 Federalized Grounds in his lower court petition. They were supported by one or more U.S.S.Ct. holdings; as follows:

| GROUND | | U.S.S.Ct. HOLDINGS |
|---|---|---|
| ONE | : | SUPERINTENDENT -v- HILL (1985) 105 S.Ct. 2768 |
| | | DANIELS -v- WILLIAMS (1986) 106 S.Ct. 662 |
| | | HAMDI -v- RUMSFELD (2004) 542 US 507 |
| TWO | : | MORRISSEY -v- BREWER (1972) 408 US 471 |
| | | GROPPI -v- LESLIE (1972) 404 US 496 |
| | | CAFETERIA WORKERS -v- McELROY (1961) 367 US 886 |
| THREE | : | WALTERS -v- NAT. ASSN. OF RADIATION SURVIVORS (1985) 473 US 305 |
| FOUR | : | COUNTY OF SACRAMENTO -v- LEWIS (1998) 118 S.Ct. 1108 |
| | | F.P.C. -v- TRANS CONTINENTAL GAS PIPE LINE (1977) 96 S.Ct. 579 ; |
| FIVE | : | GREENHOLTZ -v- INMATES OF NEB. PENAL & CORR. COMPLEX (1979) 442 US 1,15 |
| | | MORRISSEY -v- BREWER , SUPRA |
| SIX | : | ARKANSAS -v- OKLAHOMA (1992) 112 S.Ct. 1046,1060 |
| SEVEN | : | UNITED STATES -v- CACERES (   ) 59 L.Ed 2d 733,743 |
| EIGHT | : | LITEKY -v- U.S. (1994) 114 S.Ct. 1147,1155 |
| | | LEE -v- WEISMAN (1992) 505 US 577,587 |
| | | GILLETTE -v- UNITED STATES (1971) 91 S.Ct. 828,836 |
| | | WITHROW -v- LARKIN (1975) 421 US 35 |
| NINE | : | SCHWEIKER -v- McCLURE (1982) 456 US 188 |
| TEN | : | EVITTS -v- LUCEY (1985) 105 S.Ct. 830, 838-39 |
| | | GROPPI -v- LESLIE (1972) 30 L.Ed 2d 632,636, supra |
| | | Howlett By and Through Howlett -v- Rose (1990) 110 S.Ct. 2430, 2438 |

[2] The reasoned opinion by the Superior Courts' order did not particularize on Grounds Six, Seven, Eight and Nine. If the lower court deemed these "some factors which are favorable", then how are these used for unsuitable.

[3] Throughout the lower courts' order addressing Grounds 1-5, and 10 it is evident the court attempted to use "some evidence" test. It appears Ground 3 was encompassed into Ground 4's order by court.

1  GROUND 3 STATEMENT OF FACTS CONTINUED:

2  (4) "Some Evidence" is a proper standard of review for analyzing
3  evidence but it is improper for analyzing other due
4  process tenets.

5  (5) The U.S.S.Ct. holdings relied upon by Petitioner were
6  not vague or ambiguous.

7  (6) It was objectively unreasonable for the lower court
8  not to extend the associated U.S.S.Ct. holdings to the
9  Grounds as alleged.

10  (7) No reasonable mind could differ about:

11     (A) The lower order not addressing Grounds 6-9; and

12     (B) The lower order failed to address the legal analysis
13       of Grounds 1-5, and 10.

14  (8) Simply put, the alleged "unreasonable application"
15  standard of review applies to mixed questions of fact and
16  law. Here, the court's opinion was weakened when
17  incorrectly conducting the otherwise legal analysis

                                       Gnd. 1
18     (A) Court said: "Thus the multiple victims in separate
19       instances factor was properly considered by
       the board." [Emphasis Added]

20     The Court makes Petitioner's case by recognizing
     that "multiple victims" is a factor (i.e. CCR §2402(c)(1)(A))
21     but claims that the factor can go outside the CCR§2402(c)(1)
22     circumstance.

                                        Gnd 2
23     (B) Court said: "[T]he Board had the ability to find that the
     motive for the crime is inexplicable. Moreover,
24       the Board had the right to consider motivation
     for the crime under 15 CCR §2402(d)(1)[Note:
25       CCR§2402(d)(1) a "Suitability" not "Unsuitability"
26       circumstance] and did not have to make a
     finding that the crime was committed
27       in an especially heinous, atrocious or cruel
     manner."

28

1  STATEMENT OF FACTS FOR GROUND 3 CONTINUED:

2      (B) cont.

3  Here, the lower court is permitting the Board to violate
   established law and administrative law.

4      (C) When the Board alleged "have not participated in
       ——Cont 3/4——
5      beneficial self-help programs" [Emp. Added], he
       needed only to disprove the negative conclusion.

6
7  The court cannot come to a legally tenable conclusion
   of "Failed"/"Failing" when record proves otherwise.

8      (D) 1 reason disciplinary to deny parole, as misconduct
       ——End 9——
9      by an agency that Pen Code § 2932 doesn't even give
       authority to deny parole/credits is legally wrong.

10 Here, the Board disregarded precedent of this state and
11 Fails to recognize the law.

12     (E) Regarding the multi-tier denial, where 5 of the
       ——End 10——
   9 reasons to deny parole have been refuted/deemed
13 Favorable the court shouldn't be permitted to allow
   the rest of the reasons to remain valid.

14 A violation of law is clearly an abuse of discretion, which
15 violates due process. There have not been disciplinary proceedings
16 during life term.

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES CONTINUED

3.

Petitioner contends that the lower court's
refusal to grant Habeas Corpus relief was
due to the order being an "unreasonable
application" of controlling U.S.S.Ct. cases
which should have controlled decision
as applicable via 14TH Amend's "Due Process"
clause when denying liberty interest
in parole.

It is Petitioner's contention, notwithstanding how the Superior
Court's order was "contrary to" U.S.S.Ct. holdings, that the
lower court's order was also an unreasonable application of
all the U.S.S.Ct. principles/doctrines to the Grounds alleged.

Sims v. Rowland (9TH CIR. 2005) 414 F.3d 1148, 1152 cert. den. 126
S.Ct. 809 (2005):

"A state court decision is an unreasonable application of
Supreme Court precedent when the court applies those
precedents to the facts in an objectively unreasonable
manner. See Beam v. Payton, 544 US ___, ___, 125 S.Ct. 1432,
161 L.Ed.2d 334 (2005) [other cites omitted]. This phrase also
encompasses an unreasonable failure to extend the holding
or legal principle of a Supreme Court decision to a
situation in which it "should have controlled". Ramdass
v. Angelone, 530 US 156, 166, 120 S.Ct. 2113, 147 L.Ed.2d 125
(2000) (plurality opinion)."

On the face of the lower court's order, both of the above
aspects have been violated. First, the Court has used the
"same evidence" doctrine (of Superintendent ... v. Hill, supra passim)
in an objectively unreasonable manner.

Secondly, whereas a matter of law, the lower court's order
unreasonably failed to extend the U.S.S.Ct. cases to the
Grounds where they should have controlled.

25

<u>MEMORANDUM OF POINTS AND AUTHORITIES CONTINUED</u>

(3 Cont.)

In <u>Gill v Ayers</u> (9TH Cir. 2003) 342 F3d 911, 920:
"It is logical to conclude that if a case presents
an issue close enough for reasonable minds to differ,
then a state court's decision resolving that issue
even if incorrect would not be objectively unreasonable.

Here, the Superior Court has failed to make sure that
Board of Parole Hearings follows the law and also failed to
hold according to the standards set forth by the HIGH
COURT.

In <u>Holland v Jackson</u> (2004) 124 S.Ct. 2736:
"In this [unreasonable application] and related
contexts, we have made clear that whether a state
court's decision was unreasonable must be assessed
in light of the record the court had before it."

The record, on all grounds, was explicit as to how the
Board's actions violated <u>Due Process.</u>

<u>Yarborough v Alvarado</u> (2004) 124 S.Ct. 2140, 2149: "If
a legal rule is specific, the range may be narrow." Here,
the cases relied upon by Petitioner were neither vague nor
ambiguous.

Here, it is objectively unreasonable for the lower court
to rely on the "some evidence" test.

Where the California Supreme Court has declared what in
the regulations is a circumstance: neither the Board nor Superior
Court is free to disregard law.

When Petitioner's statutory Initial Parole Hearing date
was not affected by prison behavior/program then the Board

PFR 23

26

MEMORANDUM OF POINTS AND AUTHORITIES CONTINUED
(3 Cont.)

3 shouldn't be able to deny parole for reasons not supported.

4 Further, where 1 prison disciplinary being 8 years old

5 would not affect a Determinate Sentenced Inmates release

6 date in the same situation: Due Process shouldn't allow

7 the board to claim it does for an Indeterminately sentenced

8 prisoner.

9 Finally, where the equation for the multi-year denial

10 was abrogated, and the record is deplete of information to

11 support that it would still issue a multi-year denial:

12 a new hearing is now necessary to determine whether the

13 remaining Superior Court proffered "some evidence" now

14 outweighs the suitability circumstances.

15 Apparently the lower courts order forgets that when

16 evidence fails to legally sustain a subject categorization:

17 the evidence is disproved.

18 Assuming, without stipulating, that "some evidence"

19 is evident; then the court has to review under arbitrary

20 capricious, lacking basis in fact and contrary to law.

21 California case law does not supercede holdings of the

22 U.S.S.Ct especially when the California law ignores the

23 established tenets so declared.

24 Irons v. Carey (9th Cir. Cal 2007) ___ F.3d ___, Filed 3/6/07

25 clearly recognized "motive" as a factor of the circumstances tending

26 to show unsuitability. Thus any factor of CCR §2402 (c)(1)(A-E)

27 must support CCR §2402(c)(1) only if existent factors beyond minimum

28 to convict.

MEMORANDUM OF POINTS AND AUTHORITIES CONTINUED

(3. Cont.)

Deference shouldn't be paid to the lower court's order.

Good Samaritan Hosp. -v- Shalala (1993) 113 S.Ct. 2151, 2161, 508 US 403 8

"As we have stated: 'An agency interpretation of a relevant provision which conflicts with the agency's earlier interpretation is 'entitled to considerably less deference' than a consistently held agency view.'"

Pauley -v- Bethenergy Mines Inc (1991) 111 S.Ct. 2524, 2535, 501 US 681 8

"As a general matter, of course, the case for judicial deference is less compelling with respect to agency positions that are inconsistent with previously held views. See Bowen -v- Georgetown University Hospital, 488 US 204, 212-213, 109 S.Ct. 468, 473-474, 102 L.Ed.2d 493 (1988)."

Mendenhall -v- National Transp. Safety Bd. (9th Cir 1996) 92 F.3d 871

"A finding that an agency's position was substantially justified when the agency's position was based on violations of the Constitution, federal statute or the agency's own regulations, constitutes an abuse of discretion. Yang -v- Shalala, 22 F.3d 213, 217-218 (9th Cir. 1994)."

1   GROUND 4 STATEMENT OF FACTS:

2   [1] The 9 reasons parole was denied, and subsequently used

3   for parole denial can be fairly summarized as follows:

4       ONE   -   MULTIPLE VICTIMS IN SEPERATE OFFENSES;

5       TWO   -   USE OF MOTIVES

6       THREE  -   LIMITED PROGRAMS

7       FOUR   -   HAVING NOT PARTICIPATED IN BENEFICIAL SELF-

8                  HELP PROGRAMS;

8       FIVE   -   1, 8-YEAR OLD, SERIOUS PRISON DISCIPLINARY

9                  WHERE LOST TIME RESTORED BEFORE LIFE TERM;

10      SIX    -   PSYCHIATRIC REPORT ALLEGEDLY NOT TOTALLY

                   SUPPORTIVE;

11      SEVEN  -   ALLEGED PRIOR ALCOHOL AND SUBSTANCE ABUSE;

12      EIGHT  -   DENYING RESPONSIBILITY AND NEEDED SOUL-SEARCHING; and

13      NINE   -   ALLEGED RECENT GAINS.

14

15  [2] ADDRESSING THE CLEAR AND CONVINCING EVIDENCE TO THE

16      CONTRARY OF GROUNDS (REASONS) 1-5, AS GROUNDS (REASONS

17      6-9 WERE NOT CLEARLY ADDRESSED BY COURT:

18      ONE  -  UNDER CALIFORNIA LAW, THERE ARE MULTIPLE

                CATEGORIES OF CRIMES (e.g. Crimes Against Property,

19              Crimes Against Persons, Obstruction of Justice ----)

                In petitioners case there is only one crime against

20              one person. ALSO, MULTIPLE VICTIMS IS only A

                FACTOR UNDER CCR §2402(c)(1)(A) to support the

21              circumstance for unsuitability of CCR §2402(c)(1).

                The Board of Parole Hearings has no statutory authority

22              to deny parole for other crimes that are final.

23

24      TWO  -  MOTIVE IS A FACTOR UNDER CCR §2402(c)(1)(E) to

25              SUBSTANTIATE THE CIRCUMSTANCE OF CCR §2402(c)(1).

                AS THERE IS NO EVIDENCE TO SUBSTANTIATE ANY

26              ELEMENTS BEYOND THE MINIMUM TO CONVICT.

27

28

                            PFR 26

1  GROUND 4 STATEMENT OF FACTS CONTINUED:

2  [2 cont.]

3  THREE - THE RECORD BELIES THE EXISTENCE OF LIMITED
       PROGRAMS

4  FOUR - THE RECORD BELIES NOT HAVING PARTICIPATED

5  IN BENEFICIAL SELF-HELP PROGRAMS;

6  FIVE - THE ONE 18 YEAR OLD PRISON DISCIPLINARY

7  LACKED INDICIA OF RELIABILITY TO PROVE THAT
    IT MADE PETITIONER AN UNREASONABLE THREAT TO

8  SOCIETY IF PAROLED.

9  [3] PLACING THE BOARDS STATEMENTS INTO PROPER CONTEXT, AS

10  ADDRESSED BY THE SUPERIOR COURT:

11  THERE WAS NO EVIDENCE IN THE RECORD TO SUBSTANTIATE
    CCR § 2402CC)(1)(A-E) WHEN NOT ALLEGING THE CRIME MET

12  THE ESPECIALLY HEINOUS, ATROCIOUS OR CRUEL CRITERIA.
    PETITIONER HAS SUFFICIENT PROGRAM, WHICH CANNOT

13  BE EQUATED TO A 1st Degree/2nd Degree Murderer as he
    has not served as long before his minimum date.

14  Petitioner's program has not been limited and self-help

15  programs could be made part of parole conditions. The Board
    even went so far as to state book reports or something that

16  would show us that you have a strong understanding of

17  how [they]... helped you prepare for release." The record
    clearly established (a) preparation for sober living - Ground 7 P(5),

18  (B) Success after parole - Ground 9 P(3) and (c) Anger Management -

19  Ground 9 P(3). Finally, how 1 prison disciplinary in the

20  past was not a parole unsuitability circumstance.

21  [4] Regarding the Superior Court's actions, there wasn't any

22  evidentiary hearing regarding the findings of fact.

23  [5] As the Superior Court's order has made legally erroneous

24  conclusions of fact, as to what the law makes relevant,

25  was unsupported by sufficient evidence.

26  [6] Notwithstanding the lack of support, the legal conclusions

27  were defective.      ~ 11

28

PFR 27

1 | STATEMENT OF FACTS FOR GROUND 4 CONTINUED:

2 | (7) There was also no specific finding as to Grounds 6-9.

3 | (8) Petitioner pointed out via Federal law, supported by state
4 | law, how the Board's factual analysis failed. Which,
5 | when supported by the lower court's affirmance then
6 | become an unreasonable determination of the facts
7 | in light of the evidence presented.

8 | (9) Due to the Superior Court's legal error, the error
9 | has infected the fact-finding process.

10 | (10) In support thereof, adoption and incorporation of Ground 1
11 | Statement of Facts and associated points and authorities
12 | of appellate review for lower court's action.

MEMORANDUM OF POINTS AND AUTHORITIES CONTINUED

## 4

Petitioner contends lower court's refusal to grant Habeas Corpus relief was due to Order being an "unreasonable determination of the facts in light of the evidence presented" when denying liberty interest in parole which was contradicted by "clear and convincing evidence".

Notwithstanding how Petitioner has proven that the lower court's order was "contrary to" and "unreasonable application" of U.S.S.Ct. holdings; the last reasoned opinion was also an unreasonable determination of the facts in light of the evidence presented. Simply put, the evidence was clearly and convincingly opposite the lower Court's finding.

In this case, without an order to show cause or an evidentiary hearing, there was made findings of fact.

_In Re DeLuna_ (Cal. App. 6th Dist. 2005) 24 Cal.Rptr.3d 643, 649-50: "We must confine our review to the stated factors [e.g. CCR§ 2402(c)] found by the Board and all the evidence presented at the parole hearing which is relevant to those findings." [E.A.]

_Taylor v. Maddox_ (9th Cir. 2004) 366 F.3d 992 has established: "[T]he "unreasonable determination" clause applies most readily to situations where Petitioner challenges the state court's findings based entirely on the state record. Such challenges may be based on the claim that the finding is unsupported by sufficient evidence [cites omitted], that the process employed by the state court was defective [cites omitted], or that no finding was made by the state court at all." — p. 999-1000.

PFR 29

MEMORANDUM OF POINTS AND AUTHORITIES CONTINUED

(4 Cont.)

"[T]he "unreasonable determination" standard comes in
several flavors ... where the state court should
have made a finding of fact but neglected to do so...
A somewhat different set of considerations applies
where the state court does make factual findings, but
does so under a misapprehension as to the current
legal standards... Obviously where the state court's
legal error infects the fact-finding process, the
resulting factual determination will be unreasonable
and no presumption of correctness can attach to it." —
pp. 1000-1001

"IF, for example, a state court makes evidentiary
findings without holding a hearing and giving
Petitioner an opportunity to present evidence, such
findings clearly result in an "unreasonable
determination of the facts." p. 1001

First, the findings were unsupported by sufficient evidence.
Secondly, the lower court's order employed defective process.
Third of all, the state judiciary has made factual findings
under numerous misapprehensions as to the current legal
standards.

Minimally, independent review is necessary. In Re
Ernest Smith (Cal. App. 6th Dist. 2003) 114 Cal. App. 4th 343, 360:
"As noted, the court below did not conduct an
evidentiary hearing but reached its decision
based on the exhibits attached to the petition
and return. Under the circumstances we shall
independently review the record."

As the clear and convincing evidence supports,
an unreasonable determination of the facts in light of the
evidence presented has occurred in violation of 14th Amend.

"Due process" clause

PFR30

GROUND 5  STATEMENT OF FACTS:

(1) In the Appellate Court order, addressing preceding grounds 1-4, the Court reaffirms the Superior Court reliant upon "some evidence".

(2) Although the Board, before any decision, must consider all relevant, reliable information the Appellate Court has affirmed the Board's disregard for that evidence.

PFR 31.

5.

Was the Appellate Court
allowed to disregard the
controlling law cited by
Petitioner: to affirm Board's
denial of parole.

California Rules of the Court, Rule 8.500(b)(1) gives
this Court the discretion to review the Appellate Court:

"When necessary to secure uniformity of decision
or to settle an important question of law."

Based on the aforementioned Grounds 1-4, this Court
should order the Fourth District Court of Appeals to
adhere to state and Federal Due Process points.

Petitioner adopts and incorporates as if fully stated, the facts
and authorities of

O'Bremski — Maass (9th Cir. 1990) 915 F.2d 418, 422
mandated that parole board officials must be impartial
and consideration free from bias or prejudice.

The evidence of the board's statement was a pre-
disposition. Liteky-v-U.S. (1994) 114 S.Ct 1147, 1155, 510
US 540 (a favorable or unfavorable predisposition can also
deserve to be characterized as "bias" or "prejudice".

Stivers-v-Reece (9th Cir. 1995) 71 F.3d 732 (a prejudged issue
is unconstitutional bias).

Where the Board did not apply controlling law fairly,
followed by both lower courts, the "Fair adjudicators"
that "due process" require were biased (see Haas-v-
County of San Bernardino (Cal 2002) 119 Cal Rptr 2d 341, 346,
356,

— CONCLUSION —

For the foregoing reasons, and the previously stated argument / points and authorities ; Petitioner respectfully urges this Honorable Court to grant review in this matter. Based on the following, relief should be granted because :

Both the Superior Court and Appellate Court have abused their discretion in affirming the Parole Board's actions.

Following, the lower court orders were also "contrary to" controlling U.S.S.Ct. principles.

Additionally, the lower court orders were also "an unreasonable application" of controlling U.S.S.Ct holdings.

Furthermore, all the "clear and convincing" evidence establish that the Lower Court Orders were an unreasonable determination of the facts in light of the evidence presented.

Lastly, this Court should be considered with the uniformity of the Board's decisions to comply with Due Process under both State and Federal Due Process clauses.

THEREBY, REQUIRING REVERSAL OF BOTH LOWER COURT RULINGS
REVERSAL OF BOARD'S ANALYSIS AND EVIDENTIARY

Respectfully submitted,

7 / 26 / 2007

JESSE HERNANDEZ

PFR 33



# APPENDIX "A"

SUMMARY 8 4TH DISTRICT Court of Appeals Denial

APPENDIX "A"

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA



F I L E D
Stephen M. Kelly, Clerk
JUL 17 2007
Court of Appeal Fourth District

| | |
|---|---|
| In re JESSE HERNANDEZ | D050643 |
| on | (San Diego County |
| Habeas Corpus. | Super. Ct. No. SCE 167745) |

THE COURT:

The petition for writ of habeas corpus has been read and considered by Justices McDonald, McIntyre, and O'Rourke.

The Board of Parole Hearings (Board) denied petitioner Jesse Hernandez parole. He filed a petition for writ of habeas corpus with the San Diego Superior Court challenging the Board's decision. The superior court denied the petition. He then filed this petition appealing the superior court's decision. Because the superior court's decision is not appealable, we treat this petition as an original petition before this court. (*In re Crow* (1971) 4 Cal.3d 613, 621 fn. 8.)

In 1996 a jury convicted petitioner Jesse Hernandez of attempted murder with the use of a deadly weapon, possessing a destructive device or explosive, attempted arson, vandalism, and stalking. For the attempted first degree murder charge, the trial court

Hernandez graduated from high school and completed a brief period of service in the Army before being injured and discharged. He has been married and divorced three times and has a 17-year-old daughter. For approximately 12 years prior to his conviction, he worked as a floor covering contactor. While in prison, he has completed several business education courses as well as vocational training in small engine repair. He characterizes himself as a workaholic and he has worked consistently during his incarceration with positive performance reviews.

Hernandez's other prison programming has been more limited. In 1997 or 1998 he attended a "Success After Parole" course and an anger management course. Then, in 2005 he completed a 12-week Christian Basics class and he is on the waiting list for follow-up courses. According to Hernandez, the gap between his participation in self-help programs is due to the lack of available, applicable programs.

On parole, Hernandez plans to live with his sister and brother-in-law and to work for his brother-in-law, who is a general contractor. In addition, he has letters of support from other relatives and family friends, including two of his ex-wives.

Hernandez denies having a substance abuse problem, but he admits to having used methamphetamine between 1991 and 1994 and for approximately six months before his break up with Wolf. He has also received mental health treatment for situational bouts of depression. Hernandez's most recent psychological evaluation notes his substance abuse history and indicates that further substance abuse would increase his risk of violence. The evaluation also indicates that Hernandez tends to cope primarily by denying

decision in light of the addendum to the psychological evaluation.  We conclude

Hernandez has failed to state a prima facie case for relief.  (*People v. Duvall* (1995) 9

Cal.4th 464, 474-475.)

In reviewing the decision of the Board to deny parole, this court's inquiry is

limited to determining whether there is some evidence in the record to support the

Board's decision, based on the factors specified by statute and regulation.  (*In re

Rosenkrantz* (2002) 29 Cal.4th 616, 658.)  In this case, despite Hernandez's claims to the

contrary, the Board relied on appropriate factors in considering whether he was suitable

for parole. (Cal. Code Regs., tit. 15, § 2402.)  Moreover, there is some evidence in the

record, as described above, to support the Board's decision.

Although the Board did partially rely upon a psychological evaluation that was

later determined to be inaccurate, the Board knew Hernandez was challenging the

evaluation and specifically indicated that its decision would have been the same even

absent the evaluation.  Therefore, the errors in evaluation do not undermine the Board's

decision.

The petition is denied.

McDONALD, Acting P. J.

Copies to:  All parties

A: 5/5

# APPENDIX "B"

SUMMARY : San Diego County Superior Court's Order
Denying Relief

F I L E D
Clerk of the Superior Court

FEB 2 0 2007

By: Y. BRENNAN, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO, EAST COUNTY DIVISION

IN THE MATTER OF THE APPLICATION OF:          )
                                               )     EHC 550
                                               )
JESSE HERNANDEZ,                               )     SCE 167745
                                               )
                                               )     ORDER DENYING
                    PETITIONER.                )     PETITION FOR WRIT
                                               )     OF HABEAS CORPUS
                                               )

THIS COURT HAVING READ THE PETITION FOR WRIT OF HABEAS CORPUS AND THE FILE IN THE ABOVE CAPTIONED MATTER FINDS AS FOLLOWS:

On July 17, 1996, after a jury trial presided over by the Honorable Louis R. Hanoian, Petitioner was found guilty of attempted premeditated murder in violation of Penal Code § 664\187(a)\189, being in possession of a destructive device in violation of Penal Code § 12303.2, attempt to burn in violation of Penal Code § 455, two counts of vandalism less than $1,000 in violation of Penal Code § 594(a)(b)(4), and stalking in violation of Penal Code § 646.9(a). The jury also found that Petitioner had personally used a deadly and dangerous weapon within the meaning of Penal Code § 12022(b) with regards to the attempted murder charge. On September 9, 1996, Petitioner was sentenced to life with the possibility of parole plus five years and four months in state prison.

Petitioner, Jesse Hernandez, CDC No. K-21116, is currently housed at the

1  Correctional Training Facility in Soledad, California. On March 26, 2006, a Life Term Parole

2  Consideration Hearing was held. At the conclusion of the hearing, the California Board of

3  Parole Hearings denied parole for two years. The decision was made final on July 24, 2006.

4  On January 2, 2007, Petitioner filed the present petition. Petitioner contends that he

5  was improperly denied parole for the following reasons:

6  (1) The Board used a factor of non-applicable circumstance of unsuitability. One of

7  the reasons parole was denied was that there were multiple victims in separate incidents.

8  However, the Board only has jurisdiction over indeterminate sentences. The indeterminate

9  sentence arose from the attempted murder charge in which there was only one victim.

10  (2) The Board claimed that they did not have a clear understanding of the motive for

11  the crime. The Petitioner does not admit guilt and is not required to explain any motive for

12  the crime. The Board never pointed to any factor from the offense, which made the Petitioner

13  unsuitable for parole.

14  (3) The Board failed to point to any lack of program that makes Petitioner an

15  unreasonable risk to society if released. Petitioner has never received any disciplinary action

16  while in prison during his commitment for this offense.

17  (4) The Board's unsuitability rationale that the record showed Petitioner had not

18  participated in beneficial self-help programs is an abuse of power by being arbitrary. The

19  records shows Petitioner did participate in programs as available.

20  (5) The use of an eight year old prison disciplinary act is beyond the scope of the

21  Board's authority. The serious discipline for mutual combat in February 1998 occurred during

22  the Petitioner's determinate term, prior to his indeterminate term. Petitioner received all lost

23  credits back for this disciplinary action.

24  (6) Petitioner's due process rights were violated when the Board relied on an

25  inaccurate psychological report. Also, the Board acknowledged that there were inaccuracies

26  in the report, but took the report in consideration in their decision to deny parole. Further, the

27  Board failed to correct the record after the report was amended

28  (7) The Board's use of Petitioner's prior alcohol and substance abuse is a violation of

1   due process. These are unchanging factors and there was no evidence that Petitioner is

2   presently addicted or using alcohol or drugs.

3    (8) Petitioner's due process rights were violated when the Board concluded that

4   Petitioner denies any responsibility for his crime. Petitioner does not have to admit guilt.

5   Further, "soul-searching" is vague and is not an unsuitability/suitability circumstance.

6    (9) Petitioner was denied an impartial panel when they claimed Petitioner's gains

7   were recent and he had to demonstrate his ability to maintain gains over an extended period

8   of time.

9    (10) Petitioner's due process rights were violated by the Board's decision to impose a

10  multi-year denial, as it was based on the reasons set forth above.

11   A petitioner in habeas corpus bears the burden of proving the facts upon which he or

12  she bases his or her claim for relief. (*In re Riddle* (1962) 57 Cal.2d 848, 852.) Every

13  petitioner, even one filing in pro per, must set forth a prima facie statement of facts which

14  would entitle him or her to habeas corpus relief under existing law. (*In re Bower* (1985) 38

15  Cal.3d 865, 872; *In re Hochberg* (1970) 2 Cal.3d 870, 875 fn. 4.)

16   The court in *In re Ramirez* (2001) 94 Cal.App.4th 549, 564, states, "Judicial oversight

17  must be extensive enough to protect the limited right of parole applicants 'to be free from an

18  arbitrary parole decision...and to something more than mere pro forma consideration.'

19  (*Sturm, supra*, 11 Cal. 3d at p. 268.) The courts may properly determine whether the Board's

20  handling of parole applications is consistent with the parole policies established by the

21  Legislature. (Citation omitted.) While courts must give great weight to the Board's

22  interpretation of the parole statutes and regulations, final responsibility for interpreting the law

23  rests with the courts. (Citation omitted.) Courts must not second-guess the Board's

24  evidentiary findings. (Citation omitted.) However, it is the proper function of judicial review to

25  ensure that the Board has honored in a "practical sense" the applicant's right to 'due

26  consideration.' (Citation omitted.) This function is best served by examining the Board's

27  suitability rulings under a deferential abuse-of-discretion standard. The Board's

28  decision should not be disturbed unless it has acted arbitrarily or capriciously. Particular

1    deference must be accorded to the Board's factual determinations, which need only be

2    supported by some evidence."

3         In the present petition, Petitioner has failed to state a prima facie case for relief.

4    Based upon the documents and records provided by the Petitioner, this Court finds that the

5    Board's determination that Petitioner would pose an unreasonable risk of danger to society or

6    a threat to public safety if released from prison is supported by "some evidence" and there is

7    no showing the Board acted arbitrarily or capriciously.

8         Title 15 California Code of Regulations § 2401(c) sets forth the circumstances tending

9    to show unsuitability for release on parole. The subsection states, "The following

10   circumstances each tend to indicate unsuitability for release. These circumstances are set

11   forth as general guidelines; the importance attached to any circumstance or combination of

12   circumstances in a particular case is left to the judgment of the panel. Circumstances tending

13   to indicate unsuitability include:

14        (1)   Commitment Offense. The prisoner committed the offense in an especially
              heinous, atrocious or cruel manner. The factors to be considered include:
15              (A)   Multiple victims were attacked, injured or killed in the same or separate
                    incidents.
16              (B)   The offense was carried out in a dispassionate and calculated manner,
17                  such as an execution-style murder.
                (C)   The victim was abused, defiled or mutilated during or after the offense.
18              (D)   The offense was carried out in a manner which demonstrates an
                    exceptionally callous disregard for human suffering.
19              (E)   The motive for the crime is inexplicable or very trivial in relation to the
20                  offense.
         (2)   Previous Record of Violence. The prisoner on previous occasions inflicted or
21            attempted to inflict serious injury on a victim, particularly if the prisoner
              demonstrated serious assaultive behavior at an early age.
22        (3)   Unstable Social History. The prisoner has a history of unstable or tumultuous
              relationships with others.
23        (4)   Sadistic Sexual Offenses. The prisoner has previously sexually assaulted
24            another in a manner calculated to inflict unusual pain or fear upon the victim.
         (5)   Psychological Factors. The prisoner has a lengthy history of severe mental
25            problems related to the offense.
         (6)   Institutional Behavior. The prisoner has engaged in serious misconduct in
26            prison or jail."

a detailed statement of the reasons supporting the Board's suitability rulings under a different statute...

28

B. 4/8

1    In this case, there is no indication in the record that the Board made a finding that the

2    Petitioner's offense was in an especially heinous, atrocious or cruel manner pursuant to 15

3    CCR § 2402(c)(1) and limited itself to findings made under this subsection.  In addition to

4    some of the factors set forth in 15 CCR § 2402(c), the Board took into consideration other

5    permissible factors, as allowed in the Code of Regulations.

6    Title 15 CCR §§ 2402(b) and (d) sets forth additional factors that are to be considered

7    by the Board in determining parole eligibility.  15 CCR § 2402(b) states, "All relevant, reliable

8    information available to the panel shall be considered in determining suitability for parole.

9    Such information shall include the circumstances of the prisoner's social history; past and

10   present mental state; past criminal history, including involvement in other criminal misconduct

11   which is reliably documented; the base and other commitment offenses, including behavior

12   before, during and after the crime; past and present attitude toward the crime; any conditions

13   of treatment or control, including the use of special conditions under which the prisoner may

14   safely be released to the community; and any other information which bears on the prisoner's

15   suitability for release.  Circumstances which taken alone may not firmly establish unsuitability

16   for parole may contribute to a pattern which results in a finding of unsuitability."

17   Title 15 CCR § 2402(d) states, "The following circumstances each tend to show that

18   the prisoner is suitable for release.  The circumstances are set forth as general guidelines;

19   the importance attached to any circumstance or combination of circumstances in a particular

20   case is left to the judgment of the panel.  Circumstances tending to indicate suitability include:

21   (1)    No Juvenile Record.  The prisoner does not have a record of assaulting others
            as a juvenile or committing crimes with a potential of personal harm to victims.

22   (2)    Stable Social History.   The prisoner has experienced reasonably stable
23          relationships with others.

     (3)    Signs of Remorse.  The prisoner performed acts which tend to indicate the
24          presence of remorse, such as attempting to repair the damage, seeking help for
            or relieving suffering of the victim, or indicating that he understands the nature
25          and magnitude of the offense.

26   (4)    Motivation for Crime.  The prisoner committed his crime as the result of
            significant stress in his life, especially if the stress has built over a long period of
            time.
27
     (5)    Battered Woman Syndrome.  At the time of the commission of the crime, the
28          prisoner suffered from Battered Woman Syndrome, as defined in section

2000(b), and it appears the criminal behavior was the result of that victimization.
(6)    Lack of Criminal History.  The prisoner lacks any significant history of violent crime.
(7)    Age.  The prisoner's present age reduces the probability of recidivism.
(8)    Understanding and Plans for Future.  The prisoner has made realistic plans for release or has developed marketable skills that can be put to use upon release.
(9)    Institutional Behavior.  Institutional activities indicate an enhanced ability to function within the law upon release."

In reviewing the transcript of the Board of Parole Hearing, this Court finds that the Board did properly consider the factors which were relied upon to deny parole.  In the present case, the offenses for which the Petitioner was committed to state prison did involve multiple victims in separate incidents.  Petitioner has not submitted any authority indicating that the Board of Prison Terms is limited to the offense carrying the life sentence when considering the circumstances underlying a Petitioner's incarceration.  Title 15 CCR § 2402(b) specifically allows the Board to consider "the base and other commitment offenses, including behavior before, during and after the crime."  Petitioner's commitment to state prison was based on the attempted murder charge against the 12-year-old victim T. Tolle; the explosive device charge was against victim Dan Tolle, as the device was found on his property; attempt to burn and vandalism charges against victims James and Julie Sutton; and the stalking charge against victim Christine Wolfe.  These offenses are all part of Petitioner's present commitment to state prison.  Therefore, the Board has the right to take into consideration all of the persons that were victimized by the activities of the Petitioner, which underlie the current basis for his incarceration.   Thus, the multiple victims in separate instances factor was properly considered by the Board.

As to the motive for the offense, the court in *In re Scott* (2004) 119 Cal.App.4[th] 871, 893, stated, "[a]n 'inexplicable' motive, as we understand it, is one that is unexplained or unintelligible, as where the commitment offense does not appear to be related to the conduct of the victim and has no other discernible purpose.  A person whose motive for a criminal act cannot be explained or is unintelligible is therefore unusually unpredictable and dangerous."  In the present case, there is no showing that the crime resulted from some provocation on the

1  part of the victim.  The victim was 12 years old and was watering roses at her grandparents'

2  home when the Petitioner shot an arrow, which narrowly missed her.  In the probation report,

3  it was surmised that the victim looked similar to the Petitioner's ex-girlfriend, who he was

4  convicted of stalking.  No matter which person was the intended victim of Petitioner's actions,

5  there is no showing that the shooting of the arrow was related to the conduct of the victim or

6  had any discernible purpose.  Thus, the Board had the ability to find that the motive for the

7  crime is inexplicable.  Moreover, the Board had the right to consider motivation for the crime

8  under 15 CCR § 2402(d)(4) and did not have to make a finding that the crime was committed

9  in an especially heinous, atrocious, or cruel manner in order to consider the motive for the

10  crime.

11      The Board also had the ability to consider the fact the Petitioner had failed to

12  participate in beneficial self-help programs while in custody.  The Board's decision does show

13  that in making its determination the Board did weigh the Petitioner's participation in

14  programming in 1997 and 1998.  However, the Board also determined that Petitioner's

15  decision to wait until 2005 until he engaged in additional programming weighed against his

16  suitability for parole.  The only explanation provided by the Petitioner for failing to participate

17  in any additional self-help programs was that he was just participating in his job assignments

18  and was trying to focus on providing the best possible service he could.  Petitioner did not

19  show, as he contends, that he programmed as assigned and as available.  In addition,

20  Petitioner reliance on 15 CCR § 2410 is inapplicable, as it relates to the awarding of

21  postconviction credit, not the factors the Board can consider in determining parole suitability.

22  Thus, the Board was justified in considering the fact Petitioner failed to participate in any

23  meaningful self-help programs over the course of his incarceration to deny parole.

24      Further, the Board also had the ability to consider the disciplinary action for mutual

25  combat against the Petitioner while he has been incarcerated.  The fact that Petitioner may

26  have had his good time credits restored does not preclude the Board from considering

27  misconduct while in prison.  The Board did state that Petitioner had an exceptional time.

28  disciplinary history, however, the Board did have a right to consider the disciplinary

1  proceedings taken against Petitioner while incarcerated, as is permitted by 15 CCR §

2  2401(c)(6). Therefore, it was a factor properly considered when the Board was weighing the

3  suitability factors.

4      As pointed out in the present petition, there is no disputing that there are some factors

5  which are favorable to Petitioner's suitability for parole. However, the Board determined that

6  the positive factors do not outweigh the unsuitability factors outlined in its decision and as set

7  forth above. Petitioner has failed to show that the Board neglected to engage in an

8  individualized consideration of his suitability for parole. The importance to attach to any

9  circumstance or combination of circumstances in a particular case is left to the judgment of

10  the panel. The court in *In re Powell* (1988) 45 Cal.3d 894, 904, stated, "a parole rescission

11  was an abuse of discretion only when the authority acted 'without information, fraudulently, or

12  on mere personal caprice.'" There is no showing that the Board abused its discretion in the

13  present case and acted in an arbitrary manner in finding Petitioner presently unsuitable for

14  parole and determining that it was not reasonable to expect that parole would be granted at a

15  hearing during the following two years. Without a showing of abuse of discretion or violation

16  of due process, this Court cannot set aside the Board's decision.

17      Based on the foregoing, the petition for a writ of habeas corpus is hereby DENIED.

18      The clerk's office is directed to serve a copy of this Order on: (1) the Petitioner; (2) the

19  Office of the San Diego County District Attorney - Appellate Division; and (3) the Office of the

20  California Attorney General.

21  **IT IS SO ORDERED.**

22

23  DATED: FEB 2 0 2007

24                           HERBERT J. EXARHOS

                        JUDGE OF THE SUPERIOR COURT

25

26

27

28

VERIFICATION

1   I, JESSE HERNANDEZ (K-21116), DECLARE UNDER THE PENALTY
2  OF PERJURY, THAT THE AFOREMENTIONED FACTS ARE TRUE AND
3  CORRECT, AND WHERE STATED UPON INFORMATION AND BELIEF,
4  BELIEVE THEM TO BE TRUE.

5  7 /27 /2007

JESSE HERNANDEZ

6

7  PROOF OF SERVICE

8   I, JESSE HERNANDEZ (K-21116    ), AM A RESIDENT OF THE
9  STATE OF CALIFORNIA, COUNTY OF MONTEREY; AM OVER THE AGE OF 18
10  YEARS AND AM / AM NOT A PARTY TO THE WITHIN ACTION. MY
11  RESIDENCE IS: GW-104-UP, P.O. BOX 689, SOLEDAD, CALIF. 93960-0689
12   ON 7 /27 /07, I SERVED THE AFOREMENTIONED PETITION FOR
13  REVIEW ON THE PARTIES LISTED BELOW BY PLACING THE INDICATED
14  COPY(IES) IN AN ENCLOSED SEALED ENVELOPE, WITH POSTAGE, IN THE
15  UNITED STATES MAIL AT C.T.F.-SOLEDAD, ACCORDING TO THE
16  "MAIL-BOX" RULE (HOUSTON-V-LACK (1988) 487 US 266, 108 S. Ct 2379)
   AS FOLLOWS :

   ORIG. + 2 COPIES                         - COPY -
   ATTN: Clerk of the Court        ATTN: Clerk of the Court
   Calif. Supreme Court            4th District Court of Appeals
   350 McAllister St.              Division 1
   San Francisco, CA 94102-7303    750 B. Street, Suite 300
                                   San Diego, CA 92101-8189

   - COPY -                        - COPY -
   ATTN: Clerk of the Court        Gerald Brown Jr. Attorney Gen. et al
   San Diego County Superior Court c/o Office of the Attorney General
   P.O. Box 122 724                P.O. Box 85 266
   (220 W-Broadway)                San Diego, CA 92186-5266
   San Diego, CA 92112-2724

   There is regular delivery service by U.S. Postal Service between
   the place of mailing and the places so addressed.
   I declare under the penalty of perjury, under the laws
   of California, that the foregoing is true and correct.
   Executed this 27th day of July        , 2007, at C.T.F.-
   Soledad, Central Facility, GW Wing.

28

— LAST —

ATTORNEY GENERAL
SAN DIEGO

2007 AUG -9  AM 9: 35