# EXHIBIT 5

RECEIVED IN CRIMINAL DOCKETING

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

FILED
Stephen M. Kelly, Clerk
JUL 17 2007
Court of Appeal Fourth District

| | |
|---|---|
| In re JESSE HERNANDEZ on Habeas Corpus. | D050643<br><br>(San Diego County Super. Ct. No. SCE 167745) |

THE COURT:

The petition for writ of habeas corpus has been read and considered by Justices McDonald, McIntyre, and O'Rourke.

The Board of Parole Hearings (Board) denied petitioner Jesse Hernandez parole. He filed a petition for writ of habeas corpus with the San Diego Superior Court challenging the Board's decision. The superior court denied the petition. He then filed this petition appealing the superior court's decision. Because the superior court's decision is not appealable, we treat this petition as an original petition before this court. (*In re Crow* (1971) 4 Cal.3d 613, 621 fn. 8.)

In 1996 a jury convicted petitioner Jesse Hernandez of attempted murder with the use of a deadly weapon, possessing a destructive device or explosive, attempted arson, vandalism, and stalking. For the attempted first degree murder charge, the trial court

sentenced him to a term of life in prison with the possibility of parole. He became eligible for parole in September 2006.

The circumstances of the commitment offense relied upon by the Board were taken from our decision in *People v. Hernandez* (Apr. 14, 1998, D026944; [nonpub. opn.]). The circumstances are as follows: after a heated argument with his ex-girlfriend, Christine Wolf, Hernandez began paging Wolf excessively, making threatening phone calls to her, and sending her threatening mail. In addition, her grandmother's exterior doorway was set on fire.

Around the same period, Hernandez began harassing his neighbors, the Suttons, whom he did not know. He left a jug of gasoline with a makeshift wick on their roof and fired crossbow arrows into their home, yard, and motor home.

Hernandez also harassed Wolf's boyfriend, Gary Tolle, and Tolle's family. Tolle's boat had been set on fire and Hernandez left a homemade device containing smokeless power, shotgun pellets, and a shoelace fuse near Tolle's house and boat. Finally, he fired a crossbow arrow at Tolle's 12-year old niece, who was similar to Wolf in height, weight, and hair color. The crossbow missed the young girl's head by only a few inches.

Hernandez did not testify at trial or discuss his crimes with the Board. However, he adamantly denies committing the crimes and claims to be the victim of a police conspiracy.

Other than the commitment offenses, Hernandez has no criminal history. He has had one disciplinary action while incarcerated — in 1998 for mutual combat.

Hernandez graduated from high school and completed a brief period of service in the Army before being injured and discharged. He has been married and divorced three times and has a 17-year-old daughter. For approximately 12 years prior to his conviction, he worked as a floor covering contactor. While in prison, he has completed several business education courses as well as vocational training in small engine repair. He characterizes himself as a workaholic and he has worked consistently during his incarceration with positive performance reviews.

Hernandez's other prison programming has been more limited. In 1997 or 1998 he attended a "Success After Parole" course and an anger management course. Then, in 2005 he completed a 12-week Christian Basics class and he is on the waiting list for follow-up courses. According to Hernandez, the gap between his participation in self-help programs is due to the lack of available, applicable programs.

On parole, Hernandez plans to live with his sister and brother-in-law and to work for his brother-in-law, who is a general contractor. In addition, he has letters of support from other relatives and family friends, including two of his ex-wives.

Hernandez denies having a substance abuse problem, but he admits to having used methamphetamine between 1991 and 1994 and for approximately six months before his break up with Wolf. He has also received mental health treatment for situational bouts of depression. Hernandez's most recent psychological evaluation notes his substance abuse history and indicates that further substance abuse would increase his risk of violence. The evaluation also indicates that Hernandez tends to cope primarily by denying

responsibility and projecting blame onto others. The evaluator assessed Hernandez's danger risk upon parole as being slightly higher than the average citizen.

In March 2006, at Hernandez's first parole hearing, the Board considered the above factors as well as the San Diego County District Attorney's objection to parole and found that Hernandez was unsuitable for parole. The Board further found it was not reasonable to expect that parole would be granted within the next two years. The Board based its findings on the circumstances of the life crime and related offenses, Hernandez's limited self-help programming, his disciplinary action, the psychological evaluation, including an identified need for further soul-searching, and the district attorney's objection to parole.

After the Board announced its decision, Hernandez objected for the record to the Board's reliance on the psychological evaluation because it was flawed in several key respects and he was administratively appealing it. The Board overruled the objection, stating it would have denied parole even absent the psychological evaluation.

Approximately one month after the parole hearing, prison officials prepared an addendum to the psychological evaluation. The addendum corrects some aspects of the evaluation, it notes Hernandez's objections to other aspects, and it modifies the assessment of Hernandez's danger risk upon parole from being "slightly higher" to being "no more" than the average citizen.

Hernandez contends the Board's decision is unlawful because the Board did not give sufficient weight to evidence of suitability and relied on improper evidence of unsuitability. Hernandez also contends the Board improperly refused to reconsider its

4

decision in light of the addendum to the psychological evaluation. We conclude Hernandez has failed to state a prima facie case for relief. (*People v. Duvall* (1995) 9 Cal.4th 464, 474-475.)

In reviewing the decision of the Board to deny parole, this court's inquiry is limited to determining whether there is some evidence in the record to support the Board's decision, based on the factors specified by statute and regulation. (*In re Rosenkrantz* (2002) 29 Cal.4th 616, 658.) In this case, despite Hernandez's claims to the contrary, the Board relied on appropriate factors in considering whether he was suitable for parole. (Cal. Code Regs., tit. 15, § 2402.) Moreover, there is some evidence in the record, as described above, to support the Board's decision.

Although the Board did partially rely upon a psychological evaluation that was later determined to be inaccurate, the Board knew Hernandez was challenging the evaluation and specifically indicated that its decision would have been the same even absent the evaluation. Therefore, the errors in evaluation do not undermine the Board's decision.

The petition is denied.

                                                                                               McDONALD, Acting P. J.

Copies to: All parties

ATTORNEY GENERAL
SAN DIEGO

2007 JUL 17 PM 3: 54