NAME: JESSE HERNANDEZ

CDC NO.: K-2116

CELL NO.: GW-343U

P.O. Box 689, Soledad, CA 93960-0689

Plaintiff In Pro Se

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(Insert Court Name And District)

| | |
|---|---|
| In the matter of ) | |
| ) | |
| JESSE HERNANDEZ ,) | CASE NO.: C 07-5455 MMC (PR) |
| Plaintiff, ) | |
| ) | EX PARTE MOTION FOR ASSIGNMENT |
| vs. ) | OF COUNSEL, AND SUPPORTING |
| ) | MEMORANDUM OF POINTS AND |
| BEN CURRY, Warden ,) | AUTHORITIES AND DECLARATION. |
| Defendants. ) | |

TO: THE ABOVE-ENTITLED COURT;

I

INTRODUCTION

1. COMES NOW, JESSE HERNANDEZ, plaintiff in the above-entitled matter, pursuant to 28 USC § 1915(d), and moves the Court for assignment of counsel to assist plaintiff in further litigation of this action.

2. This Motion is based upon the forthcoming facts, memorandum of points and authorities, the attached declaration of plaintiff, as well as all other papers currently on file in this matter..

-1-

## II

## STATEMENT OF FACTS

3. Plaintiff is currently incarcerated at the California Correctional Training Facility, Soledad, CA 93960-0689.

4. Plaintiff currently lacks any meaningful source of income to utilize in employing services of Counsel to provide experienced legal advice and skills to further the litigation of this case.

5. Plaintiff only has limited access to a law library and other materials necessary to facilitate proper legal research; the time permitted to study available legal materials is extremely limited during access periods.

6. Plaintiff is a layman at the law with little experience in the complex and confusing methods of legal research, reasoning, and writing. Plaintiff has virtually no knowledge of proper Federal Procedural Rules, Rules of Court, or Rules of Civil Procedure which are a fundamental necessity and of critical importance to proceed with important discovery and in obtaining certain types of evidence plaintiff believes defendants currently possess or have access to.

7. Plaintiff does not know what papers should now be filed or submitted to the court or defendants, to further the litigation of this case. Plaintiff has attempted to read and understand the Federal Rules of Civil Procedure, but plaintiff has been left predominantly confused regarding appropriate action at this point.

8. Plaintiff sincerely desires to pursue the above-entitled action and seek the relief requested in the original complaint

-2-

previously filed in this matter.

9. Plaintiff has limited formal education and no education in the law. Plaintiff does not understand or comprehend complex legal reasoning, standards, or language when attempting to study case precedent, codes, statutes, and other legal publications. Plaintiff was required to enlist assistance of fellow prisoners with limited knowledge of the law, in order to prepare and file the pleadings previously filed with the court; including this current Motion For Assignment of Counsel (Please see attached Request for Priority Legal Access showing assistance by other prisoner). The assistance of fellow prisoners is nearly non-existent due to the confinement conditions of my current housing unit; in fact, it is primarily due to pre-printed forms available in the law library plaintiff was able to submit the instant Motion and other papers on file in this action.

10. On June 18, 2008, Correctional Training Facility was placed on "lock-down" status due to a prisoner escaping from his cell. Even the usual limited program, access to library and other prisoners normally available has been drastically diminished.

### III

### REASONS THE COURT SHOULD ASSIGN COUNSEL

11. Plaintiff is unable to employ counsel as he does not have sufficient funds earning only $48.00 per month on his prison job.

12. The issues involved in this matter are complex and it is difficult for plaintiff to understand how to further proceed to press plaintiff's claims to final resolution.

13. The prison limits plaintiff's access and time with law books and other legal materials necessary to facilitate proper legal research and drafting of papers.

14. Plaintiff has very little legal experience and knowledge of law.

15. The interests of justice and the economy of judicial resources would be best served by assignment of counsel to assist plaintiff in this action.

DATED: July 20, 2008

_(Signature)_

JESSE HERNANDEZ
(Print Name)

Plaintiff In Pro-Se

///
///
///
///
///
///
///
///

-4-

## MEMORANDUM OF POINTS AND AUTHORITIES

### ARGUMENT

Plaintiff points out there is clear statutory authority under which the District Court may appoint or assign counsel to assist pro se plaintiff in litigating this civil action.; (28 USC § 1915(d); (in relationship to 42 USC § 1983); also see Norris v. Wainwright, (1977) 588 F.2d 130, 133-134; ("fundamental fairness" is the test by which the decision to appoint assistance of counsel rests.)

Another primary consideration is the right of every litigant, rich or poor, to equal consideration before the courts; (Coppedge v. United States, (1962) 369 U.S. 438, 456.) Even without statutory authority federal courts, in a proper situation or prevailing circumstances of a case, may assign counsel to assist an indigent state prisoner plaintiff under the court's supervisory powers and sound discretion; (McNabb v. United States, (1943) 318 U.S. 332, 346-347; also see The Supervisory Power of the Federal Courts, 76 Harv. L. 1656.)

Some courts hold counsel is not necessary "unless the circumstances of the particular case are such that counsel would be vital to attain due process, or access to the courts." (Eskridge v. Rhay, (1965) 345 F.2d 778, 782; Anderson v. Heinze, (1958) 258 F.2d 479, 482, 484; Dillon v. United States, (1962) 307 F.2d 445, 447; Bounds v. Smith, (1977) 430 U.S. 817, 823-832.)

Plaintiff is well aware the United States Supreme Court and Congress have never held a civil litigant has a right to have counsel assigned for assistance in pursuing claims in the

-5-

courts. However, the question of whether or not to assign counsel is solely within the discretion of the court and that sound discretion "requires that counsel be appointed at least in some cases." (<u>United States v. Wilkens</u>, (1964) 338 F.2d 404, 406; <u>United States v. Wilkens</u>, (1960) 281 F.2d 707, 715.)

Many entanglements and unnecessary delays and expense to the judiciary and parties may be avoided by assignment of counsel; (<u>Taylor v. Pegelow</u>, 335 F.2d 147, 150.) At least one District Court has viewed in the context of habeas corpus that, unless the application could be dismissed "summarily," counsel should be assigned to assist the impoverished "layman prisoner"; (<u>Cullins v. Crouse</u>, (1965) 348 F.2d 887, 889.)

In civil rights actions under <u>42 USC § 1983</u>, to redress injuries inflicted by individuals "acting under color of state law", courts have considered assignment of counsel to be of fundamental importance where the plaintiff (prisoner civil litigant) must conduct discovery to pursue the case and the plaintiff cannot conduct the discovery himself; (<u>Murrell v. Bennett</u>, (1980) 615 F.2d 306, 309.) Perhaps more importantly, "summary judgment" proceedings against a prisoner plaintiff, unable to secure discovery to ward off such judgment, cannot be permitted against a layman prisoner plaintiff unaware of proper opposition to such proceedings; (<u>Ibid</u>, at 310-311.)

In this case, as stated in the foregoing facts and forthcoming attached declaration, plaintiff has clearly demonstrated he cannot proceed further in litigating this meritorious proceeding without assistance from someone knowledgeable in the intricacies entailed in pursuit of this

-6-

type of proceeding.

## CONCLUSION

WHEREFORE, the foregoing reasons and any others deemed appropriate by the court, plaintiff prays the court assign counsel to in further pursuit of this action.

DATED: July 20, 2008.

Respectfully submitted,

*(Signature)*

JESSE HERNANDEZ
(Print Name)

Plaintiff In Pro-Se

-7-

## DECLARATION SUPPORTING MOTION FOR COUNSEL

I, JESSE HERNANDEZ, declare the following:

1. I am the plaintiff in the above-entitled action.

2. I am currently a state prison inmate without an adequate or meaningful source of income to utilize in employing assistance of counsel.

3. My personal attempts to read law books, Rules of Court and Court Procedures have resulted in utter confusion and furthered my inability to comprehend what action I should take next to further this action (Will the Court please note the errantly filed Motion for Enlargement of Time in the instant case).

4. I have had to obtain the assistance of other prisoners (see attached), who appeared to have some knowledge of law, under very difficult and restrictive conditions to assist me with filing the papers currently on file before the court.

5. On June 18, 2008, Correctional Training Facility was placed on "lock-down" status due to a prisoner escaping from his cell and remains on "lock-down" at this time with no change in status in the foreseeable future. Therefore, plaintiff has even less access to assistance or the law library than normal.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on (date) July 20, 2008 at Correctional Training Facility, Soledad, California.

Plaintiff In Pro-Se

-8-

Request for Priority Legal Access (PLU)
Central Library

| Last Name: **WALKER, M.** | CDC#: **D-91638** | BLDG/CELL: **GW-343L** |
|---|---|---|
| **HERNANDEZ, J.** | **K-21116** | **GW-334U** |

Unassigned: ☐

Work Assignment: **Graphic Arts Student**   Hours: **0800-1600**   RDOS: **S/S/H**

New Case ☒                                                                                         Renewal ☐

Case Information

You will be required to attach 2 complete copies of your *court order* page including:
- Date and judges signature, with your deadline *clearly* marked
- Please write your name and CDC# on *both* copies if not already visible

Name of Court: **UNITED STATES DISTRICT COURT, NORTHERN DISTRICT**

Title of Case: **HERNANDEZ V. CURRY**

Case Number: **C 07-5455 MMC (PR)**

Title of Decision Establishing Deadline: **ORDER TO SHOW CAUSE**

Date Decision was Filed with the Court: **4 / 11 / 2008**

Title of Document Required to Meet Deadline:
**TRAVERSE TO RESPONDENTS ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS**

Rules Governing Deadline if Court Decision does not show number of days:
**ORDER TO SHOW CAUSE INDICATES A 30 DAY DEADLINE ON PAGE 3 LINE 17**

Deadline Date Requested: **8/ 08/ 08**  (Note: PLU pass issued 45 days maximum prior to deadline date)

Justification for Priority Access: (use back of form if additional room is needed):
**Requestor, WALKER D-91638, assisting seeks priority legal access per CCR § 3163, as he is assisting Petitioner Hernandez with his appeal. Priority Legal Access is also requested for Petitioner Hernandez as his authorization and signature will be required to complete this legal action. Priority access is needed as there is a 30 day Court Deadline for Petitioner to file his Traverse and normal access does not provide sufficient time to accomplish this task.**

I certify that the information included in this request is true to the best of my knowledge and ability. I understand that if I submit inaccurate or incomplete information my request for a pass will be denied. Moreover, if I willingly submit fraudulent or inaccurate information for priority legal access, I may be subject to a loss of library privileges and/or disciplinary action dictated by current CTF correctional statutes.

"Inmates with established court deadlines shall be given higher priority to access the Law Library resources than those with longer deadlines or without a deadline." 15 C.C.R.§3121(a) (1993)

Signature: *Michael A. Walker*   Date: **7/16/08**

------------------------------------------------Librarian Use Only------------------------------------------------

PLU Approved ☒   PLU Partially Approved ☐   PLU Denied ☐

If PLU is denied, or partially approved, justification and/or details are as follows:

Librarian Signature: _____   Date: ___/___/___