IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HERNANDEZ,            ) | No. C 07-5455 MMC (PR) |
|                             ) | |
| Petitioner,   ) | **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |
|                             ) | |
| v.                          ) | |
|                             ) | |
| BEN CURRY, Warden,          ) | **(Docket No. 9)** |
|                             ) | |
| Respondent.   ) | |
| _____ ) | |

On November 19, 2007, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the denial of parole by the California Board of Parole Hearings.[1]  Thereafter, the Court ordered respondent to file an answer showing cause why the petition should not be granted based on petitioner's cognizable claims or, in the alternative, a motion to dismiss on procedural grounds.  Respondent has filed an answer to the petition and petitioner has filed a traverse.

Subsequent to filing his traverse, petitioner filed the instant motion for the appointment of counsel.  The Sixth Amendment's right to counsel does not apply in habeas actions.  Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986).  Pursuant to statute, however, a district court is authorized to appoint counsel to

---

[1] The action was opened on October 19, 2007, when petitioner filed a "Motion for Enlargement of Time," in which petitioner sought to extend by thirty days the deadline, imposed by the applicable statute of limitations for federal habeas petitions.  The petition, however, was not filed until November 19, 2007.

represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." See 18 U.S.C. § 3006A(a)(2)(B).

    Here, petitioner's claims have been adequately presented in the petition. Moreover, the Court anticipates that the exhibits lodged by respondent in support of the answer, which exhibits include the transcript of the relevant parole eligibility hearing, petitioner's state habeas corpus petitions, and the reasoned opinions of the state superior and appellate courts denying habeas relief, will further illuminate the arguments in support of petitioner's claims. Consequently, the interests of justice do not require appointment of counsel in the instant case at this time. Should the circumstances change materially at a later stage of the litigation, the Court will reconsider this decision sua sponte.

    Accordingly, the request for appointment of counsel is hereby DENIED.

This order terminates Docket No. 9.

IT IS SO ORDERED.

DATED: December 9, 2008

MAXINE M. CHESNEY
United States District Judge